LOU SIZER ET AL. v. H. C. SEVERS.

(Filed 6 May, 1914.)

**Evidence—Death—Presumptions—Seven Years Absence—Inquiry—Trials—Nonsuit.**

The legal presumption of death of one who has not been heard from for seven years or more will not arise unless it is made to appear that unavailing and reasonable inquiry has been made by his near relatives or those otherwise interested; but in this action to recover lands, depending upon the presumption of death from seven years absence of one under whom the parties litigant claim, the inquiry is held sufficient, that his mother had without reply written to his last known address, as well as other likely places, and it appearing that he had bought the *locus in quo,* made partial payment thereon, and had left the management thereof, and the collection of rents, with his agent, under the instruction that he keep them until he called for them, and that the agent had paid off the mortgage given to secure the balance of the purchase price with the profits accumulated; and where such evidence is conflicting, a judgment as of nonsuit will be denied.

APPEAL by defendant from *Adams, J.,* at March Term, 1914, of MECKLENBURG.

This is an action to recover land, and both parties claim under William Ingram.

The plaintiffs are the sisters of Rachel Sizer, who died, according to the record of deaths, 28 November, 1910, and according to the evidence of one witness, in September, 1911.

Rachel Sizer was the mother of William Ingram, an illegitimate child.

The claim of the plaintiffs is that William Ingram died before his mother, and that she inherited the land from him, and that upon her death it descended to them.

The defendant claims under a deed from the University.

The real controversy between the parties is whether there is any evidence of the death of William Ingram before the death of his mother.

There was a motion for the judgment of nonsuit, which was overruled, and the defendant excepted.

Judgment was rendered in favor of the plaintiffs, and the defendant appealed.

*J. D. McCall for plaintiffs.*
*Maxwell & Keerans for defendant.*

ALLEN, J. There is no direct evidence of the death of William Ingram, and the plaintiffs have to rely upon the presumption arising from an absence of seven years.

We have been referred to many authorities from different States as to the facts which must be proven and the conditions shown to exist before there is a presumption of death, but the doctrine is nowhere stated more clearly or accurately than by *Chief Justice Smith* in *University v. Harrison,* 90 N. C., 387, where, speaking for the Court and quoting with approval certain English authorities, he says:

"The death of a person who has removed his domicile, or has been absent from his home for seven or more years, is inferred where he has not meanwhile been heard from by those who would be expected to hear from him. The mere absence of

evidence or report of his being alive is not alone. sufficient to raise the presumption, but the absence of such information or report must appear by inquiring of relations, and if there are none, of those among whom he formerly resided, who would be most likely to hear from him if he were not dead. *Banning v. Griffin,* note a, 15 East, 293. ·

· "In *France v. Andrews,* 15 Adolph. and Ellis, 756, a witness 38 years of age stated that he 'had never known of the existence of his cousin, and was not aware of having· any other relations now alive,' and *Patterson, J.,* said: 'The mere lapse of time does not raise a presumption of death, unless you go further and show that the person has been absent and not heard of by those who would have heard from him if he had returned.' In the same case *Coleridge, J.,* expressed his opinion thus: 'My doubt is whether there was reasonable evidence of inquiry in this case. Either the lessor of the plaintiff might have produced some person who would naturally have heard of the *cestui que vie,* if he was alive, or he might have called those who had made search for such person, and would have found him if he had existed.' For the purpose of showing that the absent person has not been heard from, those should be called as witnesses, or a reasonable inquiry made among them without success should be proved. Abb. Trial Evi., 76."

Tested by this rule, we are of opinion there is evidence fit to be submitted to a jury.

The mother, Rachael Sizer, died 28 November, 1910, or in September, 1911, probably at the first date. Ingram formerly lived in ·North Carolina, but removed to Indianapolis. His mother and other relatives remained in the State. He visited North Carolina in 1902 or 1903, remaining a month or more. While here he bought the land in controversy from the defendant, paying a part of the purchase price in cash, and· executing a mortgage on the land to secure the balance. He placed the· land in the hands of an agent for rent, the rental value being $3 per month, telling him he was going off for a while, that he did not want any one else to have the property or the handling of it, and for him to collect the rents and keep them until he

came or sent for them; and at the trial, after paying the balance of the purchase money, taxes, and other expenses, the agent held $120 uncalled for.

Ingram left North Carolina for Indianapolis, and wrote his mother, 11 November, 1903, and this is the last time any of his relatives have heard from him.

In 1907 the mother employed an attorney to make search for him, and upon information obtained from the defendant, the attorney wrote letters of inquiry to Indianapolis, Los Angeles, and San Francisco.

The defendant was also endeavoring to find Ingram, and he says: "I kept writing to find out where he was." The defendant also, according to the evidence of Jim Sizer, said in 1910, before the death of his mother, that Ingram was dead.

There was evidence to sustain these findings, and from them the plaintiffs might well insist that Ingram bought the land, intending to make this State his home, and when he left it was only for a while, as he told his agent; that he was last heard from 11 November, 1903, more than seven years before the death of his mother, and that diligent inquiry for him had been made by the mother and the defendant, without avail, at Indianapolis where he went, and at other places; that the defendant became satisfied of his death in the lifetime of his mother, and admitted that he was dead; and that, acting upon his information, after the death of the mother, he had the land escheated to the University and then bought it.

There was evidence on the part of the defendant that Ingram was alive in 1904, but we are not at liberty to consider the evidence favorable to the defendant on a motion for judgment of nonsuit, and must assume that the defendant received the full benefit of this evidence before the jury, as there is no exception to the charge, and it is not in the record.

No error.