This is an action to recover on a policy of life insurance.
In the year 1902 the intestate of the plaintiff was insured by the defendant in two policies of insurance, one for $110 and the other for $55. Both policies were identical in form. The policies were made payable to the executors or administrators of the insured, Melvin Tilson.
The policies contained, among other things, the following provisions: (548)
"The Life Insurance Company of Virginia agrees to pay unto the executors or administrators of the person named as insured in this policy the amount of benefit provided in said schedule, within twenty-four hours after acceptance, at its home office, of satisfactory proofs of death of the insured named below, during the continuance of this policy, which is issued and accepted subject to the conditions and agreements below, and on the reverse side hereof, which are hereby referred to, and each one of which is hereby made a part of this contract."
On the reverse side of the policy (article 6): "No suit shall be brought against the company after six months from the date of the death of the insured. If any suit be commenced after six months, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitations to the contrary notwithstanding. Proofs of *Page 603 
death under this policy shall be made upon blanks to be furnished by the company, and shall contain answers to each question propounded to the claimant, physicians, and other persons. . . .
Article 7: "Agents (which term includes superintendents and assistant superintendents) may in their discretion receive premiums within four weeks after the same are due, with this exception: they are not authorized to make, alter, or discharge contracts, or waive forfeitures.
"The company may make any payment provided for in this policy to husband or wife, or any relative by blood, or lawful beneficiary of the insured, or to any person appearing to said company to be equitably entitled to the same, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."
Tilson and his wife had separated some time in the year 1903, and did not live together afterwards. In the spring of 1904 he left, and has not been seen or heard of since. After some time Mrs. Tilson instituted inquiries to ascertain his whereabouts, but was unable to get any information. She employed a lawyer and he told her he could ascertain nothing. Afterwards, she employed one Kesterson, who represented himself as a detective, to try to find Tilson, and he, having heard that Tilson had gone to Spartanburg, went there and made inquiry, but learned nothing. Kesterson also wrote to the police of Greenville, S.C., but got no information from them. The wife made frequent inquiries of various parties, but could never get any information. Advertisement was made for him. A number of witnesses testified that he had left here in the spring of 1904; that his health was bad when he left; and he had never been heard of since. The plaintiff relied on the absence for more than seven years, taken in connection with the physical condition (549) of the intestate of the plaintiff at the time of his departure, and the efforts made to find him, to establish death.
The plaintiff offered as a witness Mrs. Sallie Tilson, who testified as follows: That she was the wife of Melvin Tilson, the insured, and had regularly paid the premiums on the policies of insurance; that her husband left her in the spring of 1904, and that he had not been back here since, to her knowledge; that she employed a lawyer by the name of Williamson to help her in finding him, and that she also employed a man by the name of Kesterson to aid her in ascertaining her husband's whereabouts, and whether he was living or dead; that both of these parties reported they were unable to get any information about him at all; that she had made frequent inquiries and had never been able to hear anything *Page 604 
of him. She said she had talked to the agents of the insurance company, and asked them to find him for her.
The witness was then asked the following questions:
Q. Did you ever apply to the agent for payment on these policies?
The defendant objected, the objection was overruled, and the defendant excepted.
A. Yes, sir.
Q. Did you go to the superintendent, himself, about it? A. Yes, sir.
Q. What did he tell you?
The defendant objected, the objection was overruled, and the defendant excepted.
A. He said I would have to have three witnesses to the death that saw him, or the doctor's certificate. I stated to him how long he had been gone and what efforts I had made to find him.
Q. Go ahead and state what else you said to him and all he said to you.
The defendant objected, the objection was overruled, and the defendant excepted.
A. I spoke to him and told him I would like to get a settlement in some way; that I had paid out so much on it, and told him I had been thinking of writing the home office, and he said if they replied, it would be to refer it back to him. Then I have spoken to the assistant superintendent, because I had worked hard and paid the money. He said there was not any use to write to the home office unless I could bring the proof of three witnesses that saw him after he was dead, or the doctor's certificate.
Q. What did he say to you, anything more than you have told? A. Only the evidence that they required; he said they could not pay the claims without evidence of that kind.
The defendant objected to the testimony, the objection was overruled, and the defendant excepted.
(550) No proofs of death were furnished by the plaintiff.
The defendant tendered the following issues:
"Is the defendant indebted to the plaintiff, and if so, in what amount?" as the only issue arising under the pleadings; but the court submitted, in addition thereto, the following: "Was the insured, Melvin Tilson, dead at the time of the commencement of this action?"
The defendant excepted.
"Did the defendant waive the condition and provisions of the policies requiring that proofs of death under them should be made upon blanks to be furnished by the company, and shall contain answers to each question propounded to the claimant's physician, and other persons, and shall contain the record evidence and verdict in the coroner's inquest, if one shall be heard?" *Page 605 
The defendant excepted.
His Honor charged the jury, among other things, as follows: "If you find by the greater weight of the evidence that seven years — that the plaintiff, the insured, was dead at the time of the commencement of this action, and that subsequent to his death Mrs. Tilson, the wife of the insured, went to the office of the general superintendent of the defendant here in this city, seeking to obtain payment of the amount of these policies; if you find that she had been continuing the payment of these policies herself all this time; and if you find that the general superintendent declined to pay her — deal with her in the matter; if you find by the greater weight of the evidence that she wanted to take it up with the home office, and that he said there was no use to do that; that it would be referred back to him, and that they would pay nothing under the policies unless they had proof of three witnesses to his death, or a certificate of the physician who attended him in his last illness — had proof of his death — that in substance, I say, I am not attempting to give the language of the witness, then the court instructs you as a matter of law upon such facts, if you find them, would constitute a waiver of these policies, that they are payable only upon proof of death, etc."
All the issues were answered in favor of the plaintiff, and from the judgment pronounced thereon the defendant appealed.
The principal exceptions relied on by the defendant are:
(1) That as a waiver of the proofs of death is not distinctly pleaded, it was error to submit the issue of waiver to the jury, or to receive evidence bearing on the issue.
(2) That there is no evidence of a waiver in that the demand made on the defendant was by Mrs. Tilson, and that she was not entitled to receive the money under the policy.
(3) That the evidence is insufficient to establish the death of (551) the insured.
1. It is usually necessary to plead a waiver (Mfg. Co. v. Assurance Co.,106 N.C. 28); but when it appears that upon appeal from a justice of the peace, in whose court the pleadings are generally informal, an issue has been fairly tried, and both parties have had full opportunity to produce and introduce their evidence, this Court would not disturb the verdict and judgment for failure to do so, but would in the exercise of its discretion amend the pleading here, as it has the power to do. Corporation Commissionv. Bank, 164 N.C. 358. *Page 606 
The evidence of waiver offered by the plaintiff consists of conversations with agents of the defendant, testified to by the wife of the insured, and there is no suggestion that the agents with whom she had the conversations could not be produced, or that they would contradict her.
If, therefore, we should sustain the first contention of the defendant we would not set aside a finding of fact based upon evidence, which, so far as the record discloses, is undisputed, because of a failure to file a formal plea. We are of opinion this ought not to be done, and that this is a proper case for allowing the amendment.
2. The policy provides that the defendant may pay to the wife of the insured, and that her receipt shall discharge liability under the policy. If so, she had the right to demand payment, and the refusal to pay except upon conditions impossible of performance would be equivalent to a denial of liability and would be a waiver of the proof of death. Doggett v. GoldenCross, 126 N.C. 477; Gerringer v. Ins. Co., 133 N.C. 410.
3. The evidence of death is fully as strong and conclusive as that sustained in Sizer v. Severs, 165 N.C. 500.
Upon a review of the whole record we find
No error.
Cited: Beard v. Sovereign Lodge, 184 N.C. 156 (3c); Laughinghouse v.Ins. Co., 200 N.C. 436 (1c); Misskelley v. Ins. Co., 205 N.C. 505 (2c);Aldridge Motors v. Alexander, 217 N.C. 756 (1c).