I. C. & A. H. MUSE v. THE LONDON ASSURANCE
CORPORATION.

*Time—" Month "—" Year "—Insurance—Contract—Statute
of Limitations.*

1. The words "twelve months," in the absence of any legislative defini-
tion of the word month and the word "year," will be interpreted
to mean twelve *calendar* months.

2. A stipulation in a policy of insurance, that the insured shall bring
his action for any loss "within twelve month next after the loss
shall occur" is not in contravention of the general policy of the
statutes of limitations, nor with the special statute of this State
(*The Code,* § 3076), which limits the powers of insurance companies
to make such stipulations or conditions to a "period less than one
year from the time" of the loss.

This is a MOTION, before *Graves, J.,* at the October Term,
1890, of Superior Court of MOORE County.

The defendant moved for judgment upon the face of the
pleadings.

From the pleadings it appears that the defendant made a
contract to insure the store-house of the plaintiffs, situate in
the town of Cameron, North Carolina, and on the 7th day of
June, 1885, received thirty-six dollars as premium and deliv-
ered to the plaintiffs its policy of insurance; that on the 31st
day of August, 1885, the said store-house was totally destroyed
by fire; that the plaintiffs have demanded the sum of one
thousand dollars for the loss, and the defendant refused to
pay it; that a difference arose between the defendant and
plaintiffs as to the amount of damages sustained by the
plaintiffs, for which defendant is liable, and the parties sub-
mitted to arbitration, and the arbitrators awarded the sum
of seven hundred and ninety-three dollars and thirty-five
cents to the plaintiffs.

The policy of insurance contains this stipulation:

"It is furthermore expressly provided and agreed that no suit or action against this corporation for the recovery of any claim by virtue of this policy shall be sustainable in any Court of law or chancery, unless such suit or action be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against this corporation after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The sum awarded to plaintiffs has not been paid.

In November, 1885, the plaintiffs instituted this suit in the Superior Court of Moore County upon the policy of insurance, and upon motion of the defendant, that action was removed for trial to the Circuit Court of the United States for the Western District of North Carolina, and pended there until October, 1887, when a nonsuit was taken and entered of accord.

On the 11th day of October, 1887, the plaintiffs commenced a suit for the same cause of action in the Superior Court of Moore County.

This action is upon the policy of insurance, and not for the sum awarded by the arbitrators.

*The Code*, § 3076, provides: "No person licensed to do insurance business under this chapter shall limit the term within which any suit shall be brought against such person to a period less than one year from the time when the loss insured against shall occur."

The Court denied the motion, and the defendant appealed.

*Messrs. J. C. Black* and *A. W. Haywood*, for plaintiffs.
*Mr. John W. Hinsdale*, for defendant.

108—16

AVERY, J.: It seems to be established that a provision in a policy that the insured may bring suit within twelve months after the loss, and not later, being in the nature of a condition precedent, is not in contravention of the policy of the statutes of · limitation, and will be upheld by the Courts. May on Insurance, § 478; *O'Laughlin* v. *Ins. Co.*, 11 Fed. Rep., 280; *Fullom* v. *Ins. Co.*, 7 Gray, 61; *Williams* v. *Ins. Co.*, 27 Vt., 99; *Riddlebarger* v. *Ins. Co.*, 7 Wall., 386; *Gray* v. *Ins. Co.*, 1 Blackford, 280. The weight of authority sustains the position, also, that "the rights of the parties in such cases are fixed by the contract," and that the contract must be construed as requiring that the action which is prosecuted to judgment (not a suit begun previously) must be brought within twelve months after the loss occurs, unless the conduct of the insurer has been such as to amount to a waiver of the benefit of the condition. Riddlebarger's case, *supra;* *Arthur* v. *Ins Co.*, 78 N. Y., 462; *McFarland* v. *Ins. Co.*, 6 W. Va., 437, and 2 Phillips on Insurance, § 1983.

The condition that the suit shall be instituted, if at all, within a year after the loss has been sustained, as reasonable and valid, in part, at least, because the tendency of speedy investigations, while the evidence is fresh, is to prevent fraudulent practices. 4 Wait on Act. and Def., 86. But such stipulations, operating as forfeitures, are construed strictly, and comparatively slight evidences of waiver have been held sufficient to prevent their enforcement. *Ripley* v. *Ins. Co.*, 29 Barb., 552; *Ames* v. *Ins. Co.*, 14 N. Y., 253. There was nothing, however, in the conduct of the company or its agents that was calculated to mislead the plaintiff as to its purposes and induce him to postpone instituting the action, nor was there evidence of evading service, or of any act showing a purpose on the part of the company to prevent or delay the bringing of the suit after the plaintiff determined to take more active steps. We think, therefore, that there was not, under the most liberal view of the law on that sub-

ject, sufficient evidence to go to the jury as tending to show a waiver.   *Peoria Ins. Co.* v. *Hall*, 12 Mich., 211; Ripley's and Arthur's cases, *supra.*

So far, our views coincide fully with those expressed by the learned Judge who presided in the Court below.

But we do not concur in the construction given by him to section. 3076 of *The Code*, and in the consequent conclusion that the stipulation in the policy was void because it was in conflict with that statute.   If, instead of prohibiting licensed insurance companies from stipulating that actions should begin within a shorter period than one year, the Legislature had, by appending an additional subsection under section 156 of *The Code*, prescribed one year as the limit for bringing the action for a loss sustained by the assured, there would have been good ground for the contention that the right of action would still subsist for a year after " nonsuit, reversal or arrest of judgment," under the provisions of section 166 of *The Code.*   But his Honor's ruling rests entirely upon the idea that the stipulation that no action should be sustainable unless it should be " commenced within twelve months next after the loss shall occur," was, in effect, a limitation of the time within which suit might be brought " to a period less than one year," and was void because in contravention of an express provision of the law.   Twelve months, in the absence of a legislative definition of the word "month," must be interpreted, according to the ordinary popular understanding, as meaning twelve calendar (not lunar) months.   2 Rapalge's Law Dic.; *Cross* v. *Fowler*, 21 Cal., 396; Bouvier's Law Dic.; *S. and L. Society* v. *Thompson*, 37 Cal., 347; *Mitchell* v. *Woodson*, 37 Miss., 567; *Sprague* v. *Norway*, 31 Cal., 174; *Kimball* v. *Lawson*, 2 Vt., 142; *Williamson* v. *Farmer*, 1 Bailey (S. C.), 611; *Brewer* v. *Harris*, 5 Grattan, 285; *Commissioners* v. *Chambers*, 4 Dall. (Penn.), 133.

The Courts of this country have very generally adopted a different rule of construction from that which obtained in

England before the Revolution, because the popular sense of the word " month " was, in America, a calendar, not a lunar, month. *Kimball* v. *Lawson, supra.* On the other hand, the word " year" is interpreted to mean twelve calendar months. See definitions of the word : 2 Abbot's Law Dic. ; 2 Rapalge's Law Dic. ; 2 Bouvier's Law Dic.

We understand his Honor, however, to hold that " within one year " is necessarily " less than one year," and, therefore, the stipulation is in conflict with the statute.  While his construction of the language of the policy is more than plausible, we do not concur in it.  The law was enacted to prohibit persons or corporations engaged in the business of insuring lives or property from inserting in policies issued a provision that an action for a loss could not be maintained unless it should be instituted before the expiration of six or ten months, or of any period less than one year, or twelve months.  The stipulation in this case did not fix the limit at less than one year, but precisely at twelve months, which was equivalent to a year.  An agreement that the time for bringing the action should be limited to two years, or to any intermediate period down to and including one year, would have been valid.  The inhibition of the statute extended only to stipulating for a time of limitation less than a year.  We think that upon the face of the pleadings, and upon the facts admitted, it was apparent that the plaintiff could not maintain this action, and the defendant was entitled to judgment for costs.

Error.