W. S. LOWE et al. v. U. S. MUTUAL ACCIDENT ASSOCIATION.

*Practice—Refusal of Motion to Dismiss Action Not Appealable—Contract—Insurance Policy.*

1. No appeal lies from the refusal of a motion to dismiss an action.

2. A stipulation in a policy of insurance that no suit to recover any sum thereunder should be maintained, unless brought within one year from the time of the alleged loss, is valid and enforcible, being a contract not in contravention of the statute prescribing the time within which actions may be brought.

CIVIL ACTION, heard at Spring Term, 1894, of CHOWAN Superior Court, before *Armfield, J.*, from whose refusal of a motion to dismiss the action the defendant appealed.

The facts necessary to an understanding of the decision appear in the opinion of Associate Justice AVERY.

*Messrs. Pruden & Vann*, for plaintiff.
*Mr. J. S. Manning*, for defendant (appellant).

AVERY, J.: It has been repeatedly held by this Court that while an appeal lies from an order dismissing an action, a refusal to dismiss does not "determine the suit or prevent a judgment from which an appeal may be taken," and is not reviewable in the appellate Court without further proceedings in the cause. *Plummons* v. *Improvement Co.*, 108 N. C., 614, and other cases cited in Clark's Code, pp. 559 and 560. But as we can see that the ends of justice may be subserved in this particular case by passing upon the main question involved in the controversy, we have concluded that it is proper to do so.

The stipulation in the policy which gave rise to the action in *Muse* v. *Insurance Co.*, 108 N. C., 240, was that "no suit or action against this corporation for the recovery of any claim by virtue of this policy shall be sustainable, etc., unless such suit or action be commenced within twelve months next after the loss shall occur." The condition of the policy sued on is that "no suit or proceeding in law or equity shall be brought or arbitration required to recover any sum, unless the same is commenced within one year from the time of the alleged accidental injury." In Muse's case it was held that the word month must be construed to mean a calendar month, and, therefore, that twelve months was the same as one year. It would follow that the stipulation in our case fixes precisely the same limit as was prescribed in Muse's case, and is not, therefore, an agreement in contravention of the statute. The

fourth condition of the policy, the material portion of which we have quoted, being, as was declared in Muse's case, a contract, and not a statute of limitation, and if it is not illegal, because contrary to some principle of the statute or common law, it must be valid and enforcible. We see no force in the suggestion that the statute does not apply to a "person licensed to do" accident insurance business, as well as to issue policies upon lives or to cover losses by fire. Conceding that it applies to all persons engaged in taking risks of either kind, the terms of the policy sued upon prescribe the same limit as that fixed in the law, and is, therefore, for the reason we have stated, valid. The "accidental injury" (the drowning of the insured) occurred on September 28, 1889, and the first action was instituted by issuing summons, dated October 3, 1889. Judgment of nonsuit was entered on April 20, 1892, at the Spring Term, 1892. This action began by summons issued April 26, 1893, more than twelve months after the judgment of nonsuit, from which there was no appeal, was rendered, and more than three years from the time of the accidental injury, on September 28, 1889. In the absence of any proof tending to show a waiver of the benefit of this stipulation on the part of the defendant company we must hold that it is binding upon the plaintiffs, and operates to defeat the action, not as a statute of limitation, but as a reasonable agreement insisted on by the defendant, in order to avoid the danger incident to making defence after the lapse of a long time intervening between the loss or injury and the institution of suit. The appeal is premature, and must be dismissed.                    *Appeal dismissed.*