PARKER v. INSURANCE COMPANY.

(Filed December 11, 1906).

*Appeal and Error—Presumptions—Findings of Fact—Insurance Companies—Service of Summons—Fire Policy—Inconsistent Defenses—Iron-safe Clause—Proofs of Loss—Nonsuit—Limitation of Actions.*

1. An exception to the Court's refusal to dismiss an action against a foreign insurance company because the summons was not served on the State Insurance Commissioner as required by Revisal, section 4750, cannot be sustained, where the trial Judge found no facts and it does not appear affirmatively that the company is licensed to do business in this State.

2. In the absence of any statement of the facts by the trial Judge, this Court must presume, in support of his ruling, which is presumed to be correct, that he found as a fact that the defendant was not duly licensed, and that Revisal, section 4750, did not apply, but that the process had been properly served under Revisal, section 440.

3. Upon a motion to dismiss an action because the summons had not been properly served, the defendant had the right to have the facts stated by the Judge, but in the absence of any request to the Judge so to do, his failure to state them was not error.

4. In an action to recover a loss under a fire insurance policy, the defendant having denied its liability to the plaintiff on the policy by alleging that there was a violation of the Iron-safe Clause, whereby the policy became null and void, it cannot now successfully plead the failure of the plaintiff to file proofs of loss and defeat his recovery, as the defense is inconsistent with that of non-compliance with the Iron-safe Clause.

5. In an action to recover a loss under a fire insurance policy, where the Iron-safe Clause allows thirty days for making the inventory and the books are not required to be opened until the inventory is completed, the defendant cannot avail itself of any alleged violation of any provision in the Iron-safe Clause, where the fire occurred within thirty days after the policy was issued.

6. Under Revisal, section 4809, which provides that no insurance company shall limit the time within which an action may be commenced to less than one year after the accrual of the cause of action, or to less than six months from the time a nonsuit is taken in an

action brought upon the policy within the time originally pre-
scribed, where a suit was commenced upon the policy in contro-
versy within twelve months after the accrual of the cause of action,
and a nonsuit was taken, but the record in that case, which was
put in evidence, does not show when the nonsuit was entered, it
will be presumed, in favor of the Court's ruling, to have appeared
that it was done within six months prior to the date on which this
action was commenced.

ACTION by W. P. Parker and another against Continental
Insurance Company, heard by *Judge O. H. Allen* and a jury,
at the June Term, 1906, of the Superior Court of BURKE.

This action was brought to recover the sum of $1,500
alleged to be due on a fire insurance policy, issued 8 Novem-
ber, 1901, by the defendant to the plaintiff, on a stock of
goods, which were destroyed by fire 18 November, 1901.
The summons was issued 14 May, 1904, and served on Avery
& Ervin, local agents of the defendant company at Mor-
ganton. The defendant entered a special appearance and
moved to dismiss the action because the summons had not
been properly served and the defendant was not therefore
before the Court. This motion was based on the ground that
the defendant is a foreign corporation, and the summons
should therefore have been served on the State Insurance
Commissioner as required by the Acts of 1903, ch. 438, sec.
6 (Revisal, sec. 4750), where such a company has been
licensed to do business in this State. The Court over-
ruled the motion, but without finding any facts. Defendant
excepted to the ruling.

The defendant denied its liability on the policy, upon these
several grounds:

1. That no proofs of loss had been filed, the policy provid-
ing that the loss shall not be payable until sixty days after
such proofs have been received.

2. That the plaintiff had not complied with the provisions
of the iron-safe clause contained in the policy, by making an
inventory of the stock of goods, and keeping a set of books

showing a complete record of the business and by preserving the inventory and books securely locked in a fire-proof safe. The policy requires the inventory to be taken within thirty days after the date of the policy, unless one had already been made within the twelve months prior thereto, and directs that the books shall show the condition of the business from the date of the inventory.

3. That this action was brought on 7 May, 1904, nearly two years and a half after the fire, which occurred on 18 November, 1901, whereas the policy requires that any action thereon shall be commenced within twelve months next after the fire. A suit for the same cause of action was brought 26 February, 1902, in which it appears, at least inferentially, that a nonsuit was taken and this action was brought within six months afterwards.

There was evidence tending to show that proofs of loss were filed with the company's agent in January or February, 1902, and that $20 had been paid to the agent, it being the balance 'due on the premium, and also evidence as to the loss and the value of the goods which had been destroyed by the fire. The jury returned a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*J. F. Spainhour* for the plaintiff.
*Avery & Ervin* for the defendant.

WALKER, J., after stating the case: The motion to dismiss the action was properly denied. The Revisal, sec. 4750, does require service of legal process upon any foreign insurance company, licensed to do business in this State, to be made by leaving the same with the Insurance Commissioner, and it provides that in such a case no other service shall be valid. But it does not appear affirmatively in this case that the defendant is a licensed company. In the absence of any statement of the facts by the presiding Judge, we must

assume that he found such facts as would sustain his ruling. *Whitehead v. Hale,* 118 N. C., 601. Error in the decisions of the lower Court is never presumed here, but the contrary, and he who alleges such error must show it. The defendant had the right to have the facts stated by the Judge, but in the absence of any request from it to the Judge so to do, the failure to do so was not error. *Millhiser v. Balsley,* 106 N. C., 433; *Holden v. Purefoy,* 108 N. C., 163; *Carter v. Rountree,* 109 N. C., 29; *Smith v. Whitten,* 117 N. C., 389. We must, therefore, presume that his Honor found as a fact that the defendant was not duly licensed and that section 4750 of the Revisal did not apply, but that the process had been properly served under the Revisal, section 440. There may be a presumption that the defendant was licensed, as the law never presumes a wrong to have been committed or that a person wilfully violates the law, and even if it exists it is not a conclusive presumption, but may be rebutted; and we must again assume that the Judge found that it was contrary to the fact. In *Fisher v. Ins. Co.,* 136 N. C., 218, it was admitted that the defendant was not licensed and that the Act of 1903, ch. 438 (Revisal, sec. 4750), did not therefore apply. But that case is, in principle, an authority for our ruling in this one, though the service was there made on the secretary of the Corporation Commission, as we assume in this case the existence of a fact which was admitted in that case.

The defendant having denied its liability to the plaintiff on the policy by alleging that there was a violation of the iron-safe clause, whereby the policy became null and void, it cannot now successfully plead the failure of the plaintiff to file proofs of loss and defeat his recovery. It cannot blow hot and cold, so to speak, at one and the same time. When it insists that proofs should have been filed, it asserts, of course, the validity of the policy; for why file proofs of loss

under a void policy? There can be no loss under such a policy. This defense, therefore, is inconsistent with that of non-compliance with the iron-safe clause, which implies that the policy is invalid. The one necessarily excludes the other, and in the sense that an election must be made between them. This is a most just and reasonable rule, and we have held, in accordance with it, that a denial of liability by a fire insurance company dispenses with the necessity of filing proofs of loss. *Gerringer v. Ins. Co.*, 133 N. C., 407. If the plaintiff had made the required proof, he would have been met with the denial by the defendant of any liability whatever for the loss. It would be unjust to permit the company thus to trifle with a policy-holder. We are not speaking of inconsistent pleas, which are allowable, but of defenses which are in substance opposed to each other.

The defendant is not any more fortunate in its next defense. It appears that the policy was issued on 8 November, 1901, and the fire occurred on 18 November, 1901, within the thirty days after the policy was issued. The iron-safe clause allows thirty days for making the inventory, and the books are not required to be opened until the inventory is completed, for the record of the business, as shown by the books, must date from the completion of the inventory, or from the expiration of the thirty days allowed in making it. So the full time for doing neither one of these acts had elapsed when the fire occurred. We have decided in a case having all the essential features of this one, so far as this defense is concerned, that in such circumstances the defendant cannot set up any breach of the stipulations in the iron-safe clause, because there has been no such breach and could not have been any. *Bray v. Ins. Co.*, 139 N. C., 390.

The remaining position of the defendant is equally untenable. This action was commenced within six months after the discontinuance of the former action upon the same policy,

even if it had been discontinued, which does not appear very clearly in the record. The Revisal, sec. 4809, provides that no insurance company shall limit the time within which an action may be commenced to less than one year after the accrual of the cause of action, or to less than six months from the time a nonsuit is taken in an action brought upon the policy within the time originally prescribed. Such a stipulation in the policy is a contractual limitation, and has been held by this Court to be valid when it does not conflict with any provision of the statute. *Dibbrell v. Ins. Co.,* 110 N. C., 193; *Muse v. Assurance Co.,* 108 N. C., 240. But the law has been changed by the Legislature, as we have shown, since the decision in *Muse's case,* in which it was held that the suit must be brought within twelve months after the loss occurred and not afterwards, and it must be the same suit which was commenced within that period and prosecuted to judgment, and not a new suit brought upon nonsuit taken in a former action which was itself begun within the twelve months. Revisal, sec. 4809. In this case the facts are that a suit was commenced within the twelve months and a nonsuit taken therein, but when it was entered is not distinctly shown. The record in the action "in which the nonsuit was entered" was put in evidence, but it does not accompany the transcript. We must assume that it appeared from that record, and the one in the present case, that this suit was brought within six months after the nonsuit, because that finding of fact sustains the Court's ruling, and we do not presume error, as we have already said in considering a former exception.

The defenses set up in this case are of an extremely technical character. They were sufficient, indeed, if they had been supported by the necessary proof, and the defendant, for its own protection, had a perfect right to plead them. But we will not make any inferences in its favor in order to supply defects in the evidence. So far as the merits of

the defenses are concerned, it seems that there was some evidence for the jury upon the question of waiver, which his Honor submitted to them, and they have found against the defendant. But however this may be, it does appear that the plaintiff has paid the consideration for the insurance and has sustained a loss, and that he has substantially complied with the terms and conditions of the policy. When this is shown, and there has been good faith on the part of the insured, there is no reason why the law should require anything more. *Willis v. Ins. Co.,* 79 N. C., 285.

We find no error in the rulings of the Court below.

No Error.