LURIN HEILIG v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 20 April, 1910.)

1. **Insurance, Accident—Stipulation—Suit in Year.**

The stipulation in policies of accident insurance, limiting the time in which actions to recover the loss covered by the policies can be begun, is valid and binding, and not in contravention of Revisal, sec. 4809, being construed to give plaintiff one year after his cause of action accrued, or seventeen months, at most, from the time of injury, within which to bring his action.

2. **Same—Infancy—Action on Policy—Ratification.**

An action brought by one after reaching his majority to recover benefits under an accident policy of insurance, taken out by him during his minority, is an affirmance or ratification of the contract; and the stipulation of the policy requiring that suit thereon shall be brought in one year is binding upon him. Should he elect to disaffirm his contract, his action would be to recover the premiums or assessments paid by him during his minority.

APPEAL from *Long, J.,* at August Term, 1909, of ROWAN.

The plaintiff sued to recover upon an accident policy issued to him by the defendant on 21 March, 1902, the amount stipulated to be paid for the accidental loss of a foot. The accident resulting in the injury to plaintiff occurred on 12 July, 1902. Action was begun by plaintiff on 28 January, 1904, which was dismissed at August Term, 1906, of the Superior Court, for failure of plaintiff to comply with the terms imposed upon him for a continuance granted at a previous term. The present action was begun 29 April, 1907.

The policy sued upon contained the following stipulation: "No legal proceedings shall be brought to recover any sum hereby insured, within ninety days after receipt of proofs at Hartford, nor at all, unless commenced within one year from the date of the alleged accident, as to death, loss of limb, or sight, within six months from the filing of said claim with the company as to total disability." The plaintiff became of age between the time of injury and the bringing of the first action. The failure to bring the action within the stipulated time was, among other things, pleaded as a defense to the action by the defendant. The following issues were submitted by his Honor:

1. Were the plaintiff's injuries caused by the unnecessary exposure of the plaintiff to obvious danger or obvious risk? Answer: No.

2. Did the plaintiff commence his action within a year from the time of the accident which caused the injury? Answer: No.

3. What sum, if any, is plaintiff entitled to recover? Answer: $266.66, with interest from the time due under the policy.

The judgment rendered by his Honor contains the following: "The court, pending the trial, reserved the question of law as to whether or not the plaintiff could recover, and upon the consideration of all the facts, the court is of the opinion that the plaintiff, in affirming the contract, which appears to be a single one, cannot affirm in part and disaffirm in part, and in view of the language of the policy quoted, is of the opinion that, upon the whole record, the plaintiff cannot recover. The court thereupon enters a judgment of nonsuit." The plaintiff excepted and appealed to this Court.

*George W. Garland* for plaintiff.
*John L. Rendlemen* and *Jerome, Maness & Sikes* for defendant.

MANNING, J. The stipulation in policies of insurance, limiting the time in which actions to recover the loss covered by the

policies can be begun, has been upheld by this Court in several cases, and is uniformly sustained by the American courts. *Modlin v. Insurance Co.,* 151 N. C., 35; *Parker v. Insurance Co.,* 143 N. C., 339; *Muse v. Assurance Co.,* 108 N. C., 240; *Lowe v. Acc. Assur.,* 115 N. C., 18; *Dibbrell v. Insurance Co.,* 110 N. C., 193; *Gerringer v. Insurance Co.,* 133 N. C., 407; Vance on Insurance, sec. 191, citing in the notes a large number of cases.

The stipulation contained in the policy sued upon does not contravene the provisions of section 4809, Rev., for the fair and equitable construction of the stipulation is to give the plaintiff twelve months or one year after his right of action accrued, in which to bring his action. *Modlin's case, supra;* Clement's Fire Insurance as a Valid Contract, pp. 390 and 391, and cases cited; 4 Joyce on Insurance, sec. 3188; *Miller v. Hartford Fire Insurance Co.,* 70 Iowa, 704; 25 Cyc., 911; 19 Cyc., 907. The only provision of the policy, relating to the point now under consideration, set out in the record, is the stipulation quoted in the statement of the case. The policy itself is not sent up. Assuming that the policy allows sixty days in which proofs of injury are to be filed, it stipulates that the company shall have ninety days to determine its action upon them, and the insured, under the construction we place upon the stipulation, would have one year thereafter in which to bring his action. This was not done. The first action was not brought until 28 January, 1904, the accident occurring 12 July, 1902; this was more than eighteen months thereafter. The stipulated time limit was seventeen months, by a construction most favorable to the insured. The action, therefore, would be defeated by the delay unless saved by the infancy of the plaintiff. In Vance on Insurance, p. 508, the doctrine is thus stated: "The fact that the insured is an infant does not relieve him of the obligation to bring his suit within the twelve months stipulated, and a suit brought by him after reaching majority is held to be barred." *Mead v. Insurance Co.* (Kan.), 64 L. R. A., 79; 75 Pac., 475; *Suggs v. Insurance Co.* (Tex.), 1 L. R. A., 847. The principle upon which this doctrine rests is that a suit upon the contract of insurance, to recover the benefits due under it, is an affirmance or ratification of the contract, and its stipulations are therefore binding; but if the infant, upon attaining his majority, should elect to disaffirm, his action would be to recover the premiums or assessments paid by him during his minority, and not an action upon the contract to recover its benefits. This follows from the well-settled principle that the contracts of infants, except for necessaries and those not *mala prohibita* or

BLACKBURN *v.* LUMBER COMPANY.

*mala in se,* are voidable. Upon ratification or affirmance, the contract stands *cum onere,* not *ex onere.* Our conclusion, therefore, is that there was no error in his Honor's ruling, and the judgment is

Affirmed.