### JOHN C. HOLLY v. THE LONDON ASSURANCE COMPANY.

(Filed 3 November, 1915.)

**Insurance, Fire—Policy Contract—Stipulation as to Suit—Limitation of Actions—Disability—Interpretation of Statutes.**

The provision in the standard form of fire insurance policy, sanctioned by statute, Revisal, section 4809, that suit thereon will not be sustained unless commenced within twelve months after the fire, is valid, and resting by contract between the parties, is not regulated by the statute of limitations, and the disabilities which stop the running of the statute, Revisal, section 362 (3), have no effect upon it. *Hence*, the imprisonment of the insured will not affect his right to recover when he has delayed his action for more than a year.

APPEAL by defendant from *Rountree, J.,* at the May Term, 1915, of NEW HANOVER.

Action brought by the plaintiff to recover of the defendant the amount of loss claimed to have been sustained on account of damage by fire to the property insured, upon a contract of insurance. The case was heard upon complaint and demurrer. From the judgment overruling the demurrer the defendant appealed.

*C. D. Weeks, W. J. Bellamy for the plaintiff.*
*E. K. Bryan for defendant.*

BROWN, J.   The policy sued on is attached to the complaint and is in form the regular standard policy authorized by the statutes of·this State. Among other provisions, it contains the following:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire."

One of the grounds of demurrer is that it appears upon the complaint that the fire loss occurred 10 August, 1910, whereas, as appears upon the summons, this action was commenced 22 October, 1913, and therefore not within the twelve months as required by the policy. The provision of the policy is sanctioned by the statute, Rev., 4809, and has been upheld as a reasonable and valid protection to the company. *Muse v. Assurance Co.,* 108 N. C., 240; *Lowe v. Accident Assn.,* 115 N. C., 18; *Hovey v. Fidelity and Casualty Co.,* 200 Fed., 925; *Modlin v. Ins. Co.,* 151 N. C., 35; *Gerringer v. Ins. Co.,* 133 N. C., 414; *Parker v. Ins. Co.,* 143 N. C., 339.

In order to excuse the failure to commence his action within the time fixed by the policy, the plaintiff alleges that he was continuously imprisoned from 10 August, 1910, to some date (not given) in 1913 in the common jail of New Hanover County. Plaintiff claims the benefit of this disability. Rev., 362, subsec. 3.

The twelve months clause in the policy is not a statute of limitation, but a contractual limitation. *Parker v. Ins. Co., supra.* It is a valid contract entered into between the parties, and the disabilities which stop the running of a statute of limitations have no effect upon it. Such a stipulation is binding even upon a minor, who must abide by it. *Heilig v. Ins. Co.,* 152 N. C., 358.

The demurrer should have been sustained.

Reversed.