O. C. FAULK ET AL. v. FRATERNAL MYSTIC CIRCLE ET AL.

(Filed 5 April, 1916.)

1. Insurance—Fraternal Orders—Suits Within Year—Valid Provisions—Statutes.

Provisions of the constitution and by-laws of a fraternal order of insurance, that suits shall not be brought or maintained for any cause or claim arising out of the benefit certificate of a member unless within one year from the time the right of action accrues, are valid, and not contrary to Revisal, sec. 4809.

## 2. Same—Amendments—Policy Contracts.

Where a certificate of membership in one insurance order is taken over
and continued by another such order, with provision as to each that the
holder shall be bound by any changes in the constitution and by-laws,
and thereafter the order taking over the certificate amends its constitu-
tion and by-laws at a representative meeting so as to bar a suit or action
unless brought within a year from the time the cause of action accrued,
the amendment is valid and binding upon the holder of the certificate,
though no such provision existed at the time he became a member of
either order.

APPEAL by both parties from *Whedbee, J.,* at December Term, 1915,
of ROBESON.

*McLean & McKinnon for plaintiff.*
*A. C. Davis and McLean, Varser & McLean for defendant.*

CLARK, C. J. The plaintiff held a benefit certificate from the de-
fendant "Mystic Circle." The only question presented by the plaintiff's
appeal is the validity of section 5 in the constitution and by-laws of the
defendant company: "No action at law or in equity, in any court, shall
be brought or maintained on any cause or claim arising out of the mem-
bership or benefit certificate unless such action is brought within one
year from the time when such right of action accrues." It was admitted
that this provision was in force for more than one year prior to the
beginning of this action, and that the plaintiff's cause of action, if he
has any, accrued more than twelve months prior to the beginning of this
action.

In *Heilig v. Ins. Co.,* 152 N. C., 358, this provision was held valid,
the Court holding that a stipulation in insurance policies limiting the
time in which actions to recover for loss covered by the policy can be
begun is not contrary to Revisal, 4809, if the time limited is not less
than one year, as provided in that section. That decision cites many
cases in this Court upholding such stipulation. Among our own au-
thorities to this effect, as cited in the above case, are *Modlin v. Ins. Co.,*
151 N. C., 35; *Parker v. Ins. Co.,* 143 N. C., 339; *Gerringer v. Ins. Co.,*
133 N. C., 407; *Lowe v. Accident Assn.,* 115 N. C., 18; *Muse v. Assurance
Co.,* 108 N. C., 240. In Vance on Insurance, sec. 191, are citations in
the Notes to a large number of cases in other States to the same effect.

The cases cited by the defendant do not contravene this ruling.
*Bragaw v. Lodge,* 128 N. C., 354, presented an entirely different proposi-
tion. In *Makeley v. Legion of Honor,* 133 N. C., 367, the defendant
attempted to reduce the amount of indemnity, and *Johnson v. Re-
formers,* 135 N. C., 385, was to the same purport.

The plaintiff contends that the provision limiting the time to one
year within which the action can be brought is invalid because it was

not in the constitution and by-laws of the American Guild when he took out his benefit certificate in 1897, and that it was not in the constitution and by-laws of the Mystic Circle, 27 May, 1907, when he accepted this benefit certificate from it in lieu of the certificate of the American Guild. But in the constitution and by-laws of both of these companies at the time the plaintiff accepted the certificates, respectively, from them, was a provision that the holder of certificates should be bound by the provisions of the constitution and by-laws at the time of the issuance of the certificates, or that might thereafter be enacted by them, and that these should constitute part of the contract between the plaintiff and such companies, respectively, thereby expressly incorporating all provisions of the constitution and by-laws enacted at any time during the life of any of the certificates which are thereby made a part of such certificates.

It appears from the evidence and the constitution and by-laws set up in this case that this amendment was enacted by a representative body called the "Supreme Ruling," composed of representatives from each State jurisdiction, and each State jurisdiction was composed of representatives from each local lodge, and that the local lodge members participated in the election of these representatives. Such provision was, therefore, binding upon the plaintiff, being within the stipulation, unless it was clearly shown to be unreasonable, and that could not be done, since it is in conformity with the limitation authorized by Revisal, 4809.

### DEFENDANT'S APPEAL.

This action was for the recovery of the premiums paid by the plaintiff on the certificate issued to him by the defendant, claiming that the defendant had wrongfully refused to accept further premiums from the plaintiff and had illegally discontinued the policy of insurance. The court directed a verdict in favor of the plaintiff upon the evidence, subject to above ruling in plaintiff's appeal, and the defendant appealed.

In view of the decision on the plaintiff's appeal sustaining the judgment against the plaintiff it is unnecessary to consider this appeal.

Defendant's appeal dismissed.

In the plaintiff's appeal, no error.