JOHN TATHAM & CO. v. LIVERPOOL, LONDON AND GLOBE
INSURANCE COMPANY.

(Filed 3 June, 1921.)

**Insurance, Fire—Policy—Stipulations—Actions—Period of Limitation by Contract—Waiver.**

Under the valid provision of a standard fire insurance policy, approved by statute, the period limited to twelve months from the time of loss by fire in which an action may be maintained is not waived by the time taken under an agreement for an appraisal and award for the damage sustained by the insured.

APPEAL by plaintiffs from *Long, J.,* at January Term, 1921, of HAY-WOOD.

Civil action to recover upon two contracts of insurance. They were written by the defendant to cover a certain lot of lumber belonging to the plaintiffs and which was destroyed by fire while said contracts were in force.

The policies were issued on 18 January, 1918, and 12 April, 1918, respectively, and they contain the regular standard provisions and stipulations as authorized and set out in chapter 109, Public Laws 1915. The loss occurred 1 June, 1918, and this suit was instituted 25 October, 1919. From a judgment of nonsuit, the plaintiffs appealed.

*Felix E. Alley and Merrimon, Adams & Johnston for plaintiffs.
Tillett & Guthrie for defendant.*

STACY, J. The two policies in suit were issued under authority of chapter 109, Public Laws 1915. Each contained, among other provisions, the following stipulation which was expressly prescribed and sanctioned by the statute law of the State then in force:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless the insured shall have complied with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

The loss occurred on 1 June, 1918, and suit was commenced 25 October, 1919, nearly seventeen months thereafter. This was not in keeping with the terms of the policies as above set out. These contractual limitations and other substantially similar provisions have been upheld in a number of decisions. *Holly v. Assur. Co.,* 170 N. C., 4; *Muse v. Assur. Co.,* 108 N. C., 240; *Lowe v. Accident Assn.,* 115 N. C., 18; *Hovey v. Fidelity and Casualty Co.,* 200 Fed., 925; *Modlin v. Ins. Co.,* 151 N. C., 35; *Gerringer v. Ins. Co.,* 133 N. C., 414; *Parker v. Ins. Co.,* 143 N. C., 339; *Faulk v. Fraternal Mystic Circle,* 171 N. C., 302.

In explanation of the delay in commencing suit within the time fixed by the policies, plaintiffs contend that they were induced to defer action on account of the defendant's conduct in agreeing to an appraisal and award of damages, etc., but we are unable to find in the record any waiver or action not contemplated by the terms of the contracts of insurance. *Hayes v. Ins. Co.,* 132 N. C., 702.

As now presented, and upon the record, we think the judgment of nonsuit should be sustained.

Affirmed.