## E. C. BEARD, JR., v. SOVEREIGN LODGE OF WOODMEN OF THE WORLD ET AL.

(Filed 4 October, 1922.)

**1. Judgment—Default—Pleadings—Admissions.**

A judgment by default final for the want of an answer is permissible under the provisions of our statute, C. S., 575, when the complaint alleges one or more causes of action, each consisting of the breach of an express or implied contract to pay absolutely or upon contingency, a sum or sums of money fixed by the terms of the contract, or computable therefrom.

**2. Same—Courts.**

Upon motion made before the clerk to set aside a judgment by default final for the want of an answer, C. S., 595, and also heard on appeal in the Superior Court, the failure of the defendant to have filed his answer only admits the truth of the facts alleged in the complaint, leaving the court to construe the complaint to ascertain if the facts alleged are sufficient to sustain the judgment, and if not, the judgment will be set aside.

**3. Insurance, Life — Contracts — Policies—Provisions—Time of Action Agreed Upon—Limitation of Actions—Disabilities.**

Provisions in a policy of life insurance requiring that no suit shall be commenced thereon within ninety days from the receipt of the proof of death of the insured, by the insurer, or not more than a year thereafter, are valid and binding as a definite time fixed and agreed upon by the parties to the contract, and not to be regarded as a statute of limitation which is stayed in its operation by the minority of the party; and a failure to comply with these contractual restrictions will work a forfeiture of the right of the beneficiary to recover upon the contract made for him by the parties.

**4. Insurance, Life—Contracts—Policies—Agreements—Conditions—Commencement of Actions—Statutes—Presumptions of Death.**

The provisions of the law raising the presumption of the death of the person, after a period of seven years, etc., cannot be successfully shown as a compliance with the terms of a life insurance policy, requiring that proof of death of the insured should be furnished the insurer within a year, etc., and made a requisite as to the time within which suit shall be commenced, whether the presumption of death is considered as of the commencement of the absence of the insured, the end of the period of seven years, or at some intermediate period, when it appears that the action has been commenced more than a year after allowing the full statutory period of seven years.

**5. Appeal and Error—Dismissal.**

Where, on appeal, it is decided in the Supreme Court that the plaintiff's action cannot be sustained, the defendant's appeal, dependent thereon, will also be dismissed.

APPEAL by both parties from rulings on motions heard by *Daniels, J.,* at chambers, by consent, 15 May, 1922, from CRAVEN.

The plaintiff brought suit to recover of the Sovereign Lodge $2,000 alleged to be due him on a beneficiary certificate. He alleged that the defendant was a corporation conducted as a secret benevolent and beneficiary fraternity, and that Sycamore Lodge, as agent of the defendant, issued to E. C. Beard, Sr., the certificate sued on, in which the plaintiff was named as beneficiary; that he was informed and believed the insured died on or about 6 December, 1908; that at the time of his death the insured was a member of the defendant corporation in good standing, having paid all his dues; that the plaintiff had demanded of the defendant the amount alleged to be due on said certificate, and that the defendant had refused to make payment. On 29 July, 1921, the clerk of the Superior Court of Craven County rendered judgment by default final against the defendant for $2,000, with interest from 6 December, 1908, having found as a fact that the time allowed by statute for filing an answer had elapsed. On 20 April, 1922, after notice to the plaintiff, the Sovereign Camp of the Woodmen of the World entered a special appearance before the clerk and moved to set aside the judgment for want of service, as set forth in its affidavits and written motion, and on 22 April the clerk vacated and set aside said judgment so far as it affected said Sovereign Camp. From this judgment the parties appealed to the judge, and on 4 June his Honor adjudged the service of summons to be sufficient in law and the judgment by default final to be unauthorized upon the face of the complaint? His Honor set aside the judgment and retained the cause for trial. Both parties appealed.

*Shaw & Jones for plaintiff.*
*Cowper, Whitaker & Allen for defendant.*

### PLAINTIFF'S APPEAL.

ADAMS, J. The plaintiff prosecutes this action to recover $2,000 alleged to be due by virtue of a certificate of insurance issued by the defendant for the benefit of the plaintiff on the life of his father. The defendant contends that the plaintiff has failed to furnish proof of the death of the insured and to set out in the complaint a sufficient averment of compliance with the contract to justify a judgment by default final.

At common law a judgment by default, which was taken to be an implied confession of the cause of action, was rendered either where the defendant's attorney, having appeared, was not informed of an answer to be interposed to the action, or where the defendant himself appeared but said nothing in bar of recovery; and the defendant, in theory at least, said nothing where there was no defense either on the pleadings, the law, or the merits. 1 Tidd's Pr., 562; 2 Tidd's Pr., 930; 3 Chitty's Pr., 672. In modern practice a judgment by default is one taken

against the defendant, who, having been duly summoned, fails to enter an appearance. Our statute provides that judgment by default final may be had on the defendant's failure to answer when the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay absolutely or upon a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation. C. S., 595. In an action *ex contractu* it is essential that the declaration or complaint set forth not only the contract upon which the action is founded, but the alleged breach of it, so that the court may determine whether the action as stated can be maintained; for a default admits only the averments in the complaint, and the defendant may show that such averments are insufficient to warrant the plaintiff's recovery. 1 Tidd's Pr., 434; 3 Estee's Pleadings, Boone, sec. 4785; 1 Black on Judgments, sec. 84.

It is not denied in the instant case that the complaint contains a statement of an express contract, but it is urged against the plaintiff's asserted right to judgment by default final, that there is no sufficient allegation that the plaintiff has observed, or that the defendant has failed to observe, the provisions of the policy. This contention presents the question with which we are immediately concerned.

The plaintiff alleges that on 6 December, 1908, the insured left his home in Jones County and set out on a journey to Chesterfield, Maryland, from which he never returned; that search, inquiry, and investigation, continuously prosecuted since that time by the plaintiff, his mother, and the intelligence department of the defendant, have neither revealed his whereabouts nor explained his absence; that the plaintiff's efforts and those of others have availed nothing, and that no information concerning the insured has been obtained.

The absence of a person from his domicile, without being heard from by those who would be expected to hear from him if living, raises a presumption of his death—*i. e.,* that he is dead at the end of seven years, but not that he died at any particular time during this period. *Spencer v. Moore,* 33 N. C., 160; *Spencer v. Roper,* 35 N. C., 333; *University v. Harrison,* 90 N. C., 387; *Dowd v. Watson,* 105 N. C., 476; *Sizer v. Severs,* 165 N. C., 500; *Shuford v. Ins. Co.,* 167 N. C., 547; 17 C. J., 1167, 1173.

But the plaintiff alleges that the insured died on or about 8 December, 1908, while on his journey to Maryland, and adopts as a part of his complaint the policy sued on, which contains this provision: "No legal proceedings for recovery under this certificate shall be brought within ninety days after receipt of proof of death by the Sovereign Clerk, and no suit shall be brought upon this certificate unless said suit is commenced within one year from the date of death." The plaintiff further

alleges that he was eight years of age when the insured died, and that he attained his majority on 3 June, 1921. The summons was issued against the defendant twelve days thereafter. The defendant contends that proof of loss was not furnished, and that the action was not instituted in accordance with the provisions above set out, and for this reason cannot be maintained. Here two questions arise: (1) Whether the recited provisions are valid in law, and (2) whether the time prescribed for bringing suit is suspended during the plaintiff's minority. Concerning these questions it may be said that this Court, conforming its decisions to the great weight of authority, has uniformly adhered to the doctrine that provisions of this character, when made one of the stipulations in the policy sued on, are valid, binding, and enforceable; that the time limited is not a statute of limitation, but a contract which imposes a restriction upon the right of action by definitely fixing the period within which the plaintiff must assert his rights, and that a failure to comply with such requirement works not only a denial of the plaintiff's remedy, but a forfeiture of his right to enforce the defendant's obligation. *Muse v. Assurance Corporation,* 108 N. C., 240; *Dibbrell v. Ins. Co.,* 110 N. C., 194; *Lowe v. Accident Assn.,* 115 N. C., 19; *Faulk v. Mystic Circle,* 171 N. C., 301; *Tatham v. Ins. Co.,* 181 N. C., 434; *Suggs v. Ins. Co.,* 1 L. R. A., 847; *Meade v. Ins. Co.,* 64 L. R. A., 79. It is likewise held that this doctrine is in no wise affected or modified by the minority of the plaintiff, or by C. S., 407. The question is definitely presented and decided in *Heilig v. Ins. Co.,* 152 N. C., 360, and in *Holly v. Assurance Co.,* 170 N. C., 4; Vance on Ins., 508. See, also, *Thigpen v. R. R., ante,* 33.

Whether the death of the insured occurred on 8 December, 1908, or at the expiration of seven years from that date, or at any intermediate period, the plaintiff, in either event, has not complied with the contract, and cannot maintain his suit. It must therefore be dismissed.

Plaintiff's action dismissed.

### DEFENDANT'S APPEAL.

ADAMS, J. Since the plaintiff cannot maintain his action, the defendant's appeal need not be considered. It is accordingly dismissed.

Appeal dismissed.