JAMES LINK v. CAROLINA & NORTHWESTERN RAILWAY COMPANY.

(Filed 11 December, 1929.)

**Master and Servant E d—Action under Federal Employers' Liability Act must be brought within two years regardless of infancy.**

The Federal Employer's Liability Act, providing that no action should be brought thereunder unless commenced within two years from the day from which the cause of action accrued, does not permit an extension of time specified by reason of infancy or other disability, and an action not brought within the time prescribed will be dismissed.

APPEAL by plaintiff from *Sink, Special Judge,* at June Special Term, 1929, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury.

Plaintiff alleges that the defendant is a common carrier by railroad, engaged in interstate commerce; that on 4 March, 1926, he was a minor 19 years of age, employed by the defendant in such commerce, and that on said date he was injured through the negligence of defendant's servants or agents.

This action was commenced 18 September, 1928, more than two years after the date of the injury.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*Ural R. Murphy and Stewart, MacRae & Bobbitt for plaintiff.*
*John A. Marion and John M. Robinson for defendant.*

STACY, C. J.   The action was properly dismissed on authority of *Murray v. R. R.,* 196 N. C., 695, 146 S. E., 801, and *Belch v. R. R.,* 176 N. C., 22, 96 S. E., 640.

The Federal Employers' Liability Act (45 U. S. C. A., sec. 56) provides: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued."

There is no provision in this statute extending or tolling the time for filing suit by reason of infancy or other disability. *Gillette v. Del. L. & W. Ry.,* 102 Atl. (N. J.), 673 (minority of plaintiff); *Bement v. Grand Rapids Ry. Co.,* 160 N. W. (Mich.), 424 (fraudulent representations of defendant's agent which caused plaintiff to delay); *Alvarado v. So. Pac. Ry. Co.,* 193 S. W. (Tex.), 1108 (insanity resulting from the injury).

Indeed, it has been held with us that a provision in a contract of insurance, limiting the time for instituting suit to recover under the policy, is not affected by the minority of the plaintiff. *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661; *Heilig v. Ins. Co.,* 152 N. C., 358, 67 S. E., 927.

Affirmed.