F & D COMPANY v. AETNA INSURANCE COMPANY

No. 105A81

(Filed 3 March 1982)

**Insurance §§ 3.1, 143— period for filing suit under marine insurance policy—conflict with statute**

A provision in a marine insurance policy providing that the insured must commence its suit against the insurance company "within the twelve months next following the date of the physical loss or damage out of which such claim

arose," conflicts with the provision of G.S. § 58-31 which provides a suit or action may be commenced within one year after the cause of action accrues. Therefore, where a vessel suffered damage as a result of its partial sinking on 9 October 1976, a marine survey was requested by defendant on 8 February 1977, and, from the record, it appeared possible plaintiff's cause of action did not accrue until 30 days after the marine survey was conducted, it was also possible that plaintiff's action filed on 2 March 1978, was within the limitation period prescribed by G.S. § 50-31, and the trial court erred in dismissing plaintiff's action.

THE plaintiff appeals pursuant to G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals reported at 53 N.C. App. 92, 280 S.E. 2d 34 (1981). Plaintiff instituted this action for declaratory relief in the Superior Court, NEW HANOVER County, on 2 March 1978 seeking a declaration of the respective rights and duties of the plaintiff-insured and the defendant-insurer under a marine insurance policy issued by the defendant insuring the plaintiff's vessel, a 31-foot Chris Craft Commander. The parties stipulated, *inter alia*, that the vessel suffered damage as a result of its partial sinking on 9 October 1976.

Based on the stipulations entered by the parties, the trial court found that the plaintiff instituted this action more than twelve months after the date of the loss or damage in violation of the policy provisions and entered judgment for the defendant, dismissing the plaintiff's action. Plaintiff appealed to the Court of Appeals. That court affirmed the trial court's dismissal of plaintiff's action, one judge dissenting.

The main question presented by this appeal is whether the provision of the policy of marine insurance requiring suit to be brought within one year of the date the loss occurs is void because it conflicts with the provision of G.S. § 58-31 which voids any policy provision which provides a lesser period of time for filing suit than one year from the date the cause of action accrues. We hold that the provision of the policy does in fact conflict with the statute and is therefore void.

*Sperry, Scott & Cobb, by Herbert P. Scott and John P. Swart for Plaintiff-Appellant.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for Defendant-Appellee.*

---

**F & D Company v. Aetna Insurance Co.**

---

MEYER, Justice.

The marine insurance policy issued to the plaintiff by the defendant insures against physical loss or damage and contains the following provisions under the section entitled "General Conditions":

    8. Notice of Accident, Claim or Suit.

        (a) In the event of any occurrence which may result in loss, damage or expense for which the Company is or may become liable, the *Insured shall give immediate written notice thereof to the Company.*

        . . . .

    10. Payment of Loss. In case of loss, *such loss shall be paid within thirty days after written proof of loss* and proof of interest in the Yacht *shall have been given to the Company;* all indebtedness of the Insured to the Company being first deducted.

    11. Limit of Time for Suit. No suit or action against *the Company shall be maintainable* in any court *unless, as a condition precedent* thereto, the *Insured shall have complied with all of the* warranties, *terms and conditions contained in this policy and unless:*

        (a) In respect of any claim for physical loss or damage to the property insured under this policy or any charge or expense incurred under Sections "A", "E" or "F" of this policy, *such suit or action is commenced within the twelve months next following the date of the* physical *loss* or damage *out of which such claim arose.*

        . . . .

        Provided that *where any of the above limitations of time is prohibited or invalid by or under any applicable law, then and in that event no suit or action shall be commenced or maintainable unless commenced within the shortest limitation of time permitted under such law.*

(Emphasis added.)

The vessel in question sank on 9 October 1976. The plaintiff's action was not filed until 2 March 1978, almost one year and five

months after the date of the loss. The defendant's answer set forth nine defenses, including the plaintiff's failure to institute suit on the policy within twelve months following the date of the physical loss or damage out of which its claim arose as required by Paragraph 11 of the General Conditions of the Policy. The plaintiff contends that the provisions of Paragraph 11(a) of the policy of insurance are void under G.S. § 58-31 which provides as follows:

> *No company* or order, domestic or foreign, authorized to do business in this State under this Chapter, may make any condition or stipulation in its insurance contracts concerning the court or jurisdiction wherein any suit or action thereon may be brought, nor *may it limit the time within which such suit or action may be commenced to less than one year after the cause of action accrues* or to less than six months from any time at which a plaintiff takes a nonsuit to an action begun within the legal time. All conditions and stipulations forbidden by this section are void.

(Emphasis added.)

The Court of Appeals held that Paragraph 11(a), requiring suit to be brought within one year of the date of the loss, does *not* conflict with G.S. § 58-31, and therefore, because plaintiff did not commence its action within twelve months following the date the vessel sank, the action is barred by the provisions of Paragraph 11 of the policy's General Conditions. By reason of the dissent below, the same assignment of error is before this Court as was before the Court of Appeals, *i.e.,* whether the trial court erred in finding as a fact and concluding as a matter of law that the action was barred by limitations set forth in the policy of insurance and, further, by entering judgment based upon such finding and conclusion.

The plaintiff contends that its cause of action accrued only after the damage estimates became known to the defendant, and defendant, at the end of thirty days thereafter, failed or refused to pay the amount to which plaintiff claimed to be entitled.

Paragraph 8(a) of the General Conditions of the policy provides: "In the event of any occurrence which may result in loss, damage or expense for which the Company is or may become

liable, the Insured shall give immediate written notice thereof to the Company." Paragraph 10 provides: "In case of loss, such loss shall be paid within thirty days after written proof of loss and proof of interest in the Yacht shall have been given to the Company; all indebtedness of the Insured to the Company being first deducted." Reading these two policy provisions together, the plaintiff says it had twelve months from the thirtieth day following notice of the loss within which to bring its action.

Apparently, the plaintiff argues that its claim arose thirty days after the marine survey of 8 February 1977 was performed at defendant's request,[1] to wit, on 10 March 1977. The plaintiff contends that it was not at liberty to file any action against the defendant, and therefore no cause of action "accrued" until the conditions of Paragraph 8(a) and Paragraph 10 of the General Conditions of the policy were met. Contrary to the holding of the majority of the panel of the Court of Appeals, the plaintiff argues that, read in conjunction, the two provisions require that written proof of loss and ownership be filed and that the Company be given thirty days within which to make payment or deny coverage before any cause of action can be maintained against the company. Therefore, the plaintiff's cause of action could not have "accrued" until 10 March 1977, thirty days after the marine survey of 8 February 1977.

In summary the plaintiff contends: (1) using 8 February 1977, the date of the marine survey requested by Aetna, as the date notice of the loss was given to the insurer and allowing thirty days within which the insurer was permitted to pay the loss before suit could be brought, the plaintiff's cause of action accrued on 10 March 1977; (2) plaintiff's suit, filed on 2 March 1978, was instituted within the time permitted by G.S. § 58-31, to wit, within one year of the date the cause of action accrued; (3) the plaintiff's action having been instituted within the time permitted by the statute, the provisions of Paragraph 11(a) are void because they provide a shorter time within which the action must be brought than is permitted by G.S. § 58-31, therefore, (4) the Court of Appeals erred in affirming the trial court's dismissal of plaintiff's action as being time barred.

---

1. Plaintiff apparently treats the marine survey of 8 February 1977 as the proof of loss which begins the running of the 30-day period.

Our review of the policy of insurance reveals no internal inconsistency among the various requirements of Paragraphs 8, 10 and 11 in the policy's General Conditions. They provide that in order to maintain suit against the company, the insured must (1) give immediate written notice to the company of any occurrence which may result in loss, damage or expense, (2) provide written proof of loss and proof of interest in the insured property to the company, and (3) commence the action within twelve months of the date of the physical loss or damage out of which the claim arose.

Taken alone, subparagraph (a) of Paragraph 11 of the policy clearly requires the insured to commence its action within one year after the physical loss occurs. Just as clearly G.S. § 58-31 provides that if that policy provision provides a lesser period within which suit must be brought than twelve months after the insured's "cause of action accrues" that policy provision is void.

The question is whether there is inconsistency between the requirements of Paragraph 11(a) of the policy and the provisions of G.S. § 58-31. Does the policy require the insured to commence this action within less than one year after its cause of action accrues? We hold that it does, and therefore the policy provision setting the lesser period is void.

Prior to the Revisal of 1905, the wording of the predecessor of G.S. § 58-31 was as follows:

No person licensed to do insurance business under this chapter shall limit the term within which any suit shall be brought against such person to a period less than one year *from the time when the loss insured against shall accrue.*

1883 N.C. Code § 3076 (emphasis added).

Beginning with the Revisal of 1905, the emphasized language was changed, and reads now as it has since 1905: "after the cause of action accrues." We find no marine insurance case directly on point, so we look to other insurance cases based upon statutes having the same language as that of G.S. § 58-31. Our examination of those cases reveals inconsistencies which can best be explained by occasional reliance on authority of cases decided prior to the change in the statute. The case most often cited for the proposition that the provision limiting the time within which

suit may be brought to one year from the date of loss does not conflict with the statute is *Muse v. Assurance Co.*, 108 N.C. 240, 13 S.E. 94 (1891). *See Avis v. Insurance Co.*, 283 N.C. 142, 195 S.E. 2d 545 (1973) (all risks policy); *Beard v. Sovereign Lodge*, 184 N.C. 154, 113 S.E. 661 (1922) (life insurance).[2] We point out that in *Muse*, the statute at issue contained the old language, and therefore there was no conflict between that statute and the policy provision. The apparent conflict was created by the language of the statute contained in the Revisal of 1905.

The Court was faced with this apparent conflict in the case of *Heilig v. Insurance Company*, 152 N.C. 358, 67 S.E. 927 (1910). the accident insurance policy in *Heilig* contained a stipulation requiring that suit be brought within one year of the date of the accident. The Court held that the stipulation did not contravene the provisions of Section 4809 of the Revisal of 1905 (predecessor of G.S. § 58-31) requiring that the action be commenced within one year after the cause of action accrues "for the fair and equitable construction of the stipulation is to give the plaintiff twelve

---

2. Several cases cite *Muse* as authority for upholding the validity of the contractual provision at issue in fire insurance policies. See, for example, *Zibelin v. Insurance Co.*, 229 N.C. 567, 50 S.E. 2d 290 (1948); *Tatham v. Ins. Co.*, 181 N.C. 434, 107 S.E. 450 (1921); *Holly v. Assurance Co.*, 170 N.C. 4, 86 S.E. 694 (1915). We find fire insurance cases unpersuasive for an additional reason. Fire insurance policies are standardized and adopted by the Legislature. *See* G.S. § 58-176. They have been so since 1899. North Carolina Insurance Act of 1899, ch. 54, § 43, 1899 N.C. Sess. Laws. In *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957), the Court based its decision that there was no conflict between the contractual provision and the statute on the language in Chapter 378, section 2, of the 1945 Session Laws repealing all "laws and clauses of laws in conflict" with the enactment of the "Standard Fire Insurance Policy of the State of North Carolina."

We also note that one of the required provisions in accident and health insurance policies is that "No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." G.S. § 58-251.1(a)(11). By Act of 28 April 1953, ch. 1095, § 2, 1953 Sess. Laws, the Legislature enacted *required* provisions for accident and health insurance policies, and changed the time limit in which suit could be brought on such policies from two years from the time proof of loss is required to three years therefrom. Section 12 of that Act contains the same repealer language for laws inconsistent with its provisions as did the enactment of the standard fire insurance policy.

Unlike fire insurance or accident and health insurance, the policy provisions in marine insurance policies are not "standardized" or "required" by the Legislature. This being so, there is of course no "repealer doctrine" to be applied to marine insurance.

months or one year after his right of action accrued, in which to bring his action." While in that case the policy was not sent up as part of the record on appeal, the Court said, "Assuming that the policy allows sixty days in which proofs of injury are to be filed, it stipulates that the company shall have ninety days to determine its action upon them, and the insured, under the construction we place upon the stipulation, would have one year thereafter in which to bring his action." In effect, the Court ruled that the insured's cause of action did not accrue until the expiration of the time period allowed for the insured's filing of proofs of loss and the insurer's determining its action upon them. Thus, the Court placed an interpretation upon the contractual provision requiring that suit be commenced within one year of the date of loss which would prevent its conflicting with the statutory prohibition against reducing the statute of limitations to less than one year. We recognize that some courts, like our Court in *Heilig*, interpret such policy provisions as those in Paragraphs 8, 10 and 11 to mean that the twelve-month period begins only after proofs of loss are filed and payment thereof becomes due. *See Fireman's Fund Ins. Co. v. Sand Lake Lounge, Inc.*, 514 P. 2d 223 (Alaska 1973); *Fireman's Fund Ins. Co. of California v. Buckstaff*, 38 Neb. 150, 56 N.W. 697 (1893); *Kirk v. Firemen's Ins. Co. of Newark, N.J.*, 107 West Virginia 666, 150 S.E. 2 (1929); 20A Appleman, Insurance Law and Practice §§ 11611, 11612 (1980) and cases cited therein. *But see Johnson v. Humboldt Ins. Co.*, 91 Ill. 92 (1878); *Gremillion v. Travelers Indemnity Company*, 256 La. 974, 240 So. 2d 727 (1970), *overruling Finkelstein v. American Ins. Co. of Newark, N.J.*, 222 La. 516, 62 So. 2d 820 (1952). *See generally* 18 Couch on Insurance 2d §§ 75:91, 75:92 (1968); *see also* Annot., 95 A.L.R. 2d 1023 (1964).

We decline to adopt that strained interpretation of the contractual provisions before us. In plain and unambiguous language the contract provides that the insured must commence any suit against the insurance company "within the twelve months next following the date of the *physical loss or damage* out of which such claim arose." (Emphasis added.) In this case, this language clearly means within twelve months of the date on which the vessel sank. We deem it unwise to resort to any other construction of that language. The simple fact is that this policy provision conflicts with the provisions of G.S. § 58-31, for plaintiff's cause of

F & D Company v. Aetna Insurance Co.

action "accrues" only after the filing of his proofs of loss and interest and the elapse of the thirty-day period for the insurance company's rendering its decision on whether to pay the loss. Under the policy before us, the insured is required to give immediate written notice to the company of the occurrence resulting in its loss and file a written proof of loss and proof of interest. These requirements must be construed in accord with their purpose and with the reasonable expectations of the parties, and the insured is allowed a reasonable period in which to fulfill these requirements. *See Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769 (1981); *Henderson v. Insurance Co.*, 254 N.C. 329, 118 S.E. 2d 885 (1961). If, at the end of the 30-day period after the proofs are filed, the company has not paid the insured's loss, its cause of action accrues. Of course, if, during the 30-day period within which the company has to pay the claim, the company notifies the claimant that it will not pay, the insured's cause of action accrues immediately upon receipt of that refusal.

Although the provision in Paragraph 11(a) attempting to restrict the time in which plaintiff may bring suit to twelve months from the date of loss is voided by G.S. § 58-31, Paragraph 11 also contains the following clause:

Provided that where any of the above limitations of time is prohibited or invalid by or under any applicable law, then and in that event no suit or action shall be commenced or maintainable unless commenced within the shortest limitation of time permitted under such law.

We find no reason to deny the effect of that clause. Thus, here the insured must bring its claim within twelve months of the date on which its cause of action accrues, *i.e.*, the shortest period of time permitted by G.S. § 58-31.

In the record before us, we find an estimate of the cost of repairs on the engines made by Bradley Creek "66" Marina, Inc., on 1 November 1976, apparently at plaintiff's request. We cannot determine from the record when, if ever, this estimate was delivered to defendant. We also find in the record a survey by M. B. Ward & Son, Marine Surveyors, made at the request of Aetna dated 8 February 1977. While we cannot determine from the record the precise date on which plaintiff gave notice of its loss to the defendant, it is obvious that the defendant had notice

of the loss at least by the time it requested the survey by M. B. Ward & Son dated 8 February 1977. If the company first received plaintiff's proof of loss on 8 February 1977, the 30-day period allowed for payment of the claim would have expired on 10 March 1977, and upon failure of defendant to pay the claim on or before that date, 10 March 1977 would be the date plaintiff's cause of action accrued under G.S. § 58-31. If these are the facts, the contractual provision requiring plaintiff to bring its action within twelve months of the loss would violate G.S. § 58-31, assuming of course that such notice by plaintiff was "timely" given or given within a "reasonable time." However, if by reason of the earlier estimate by Bradley Creek "66" Marina, Inc., the plaintiff gave written proof of loss to defendant on 1 November 1976, the 30-day period would have expired on 1 December 1976, and plaintiff's suit, instituted on 2 March 1978, would not have been instituted within one year after his cause of action accrued, and plaintiff would have no right of recovery under the policy. Moreover, we cannot determine from the record whether there was an even earlier estimate or some other notice of the loss delivered to defendant which would have made the time period allowed by G.S. § 58-31 expire even earlier.

We conclude that the trial court erred in concluding as a matter of law that plaintiff's action was barred by the time limitation set forth in the policy of insurance and in dismissing plaintiff's action. Since we are unable to say from the record when notice of the loss was provided to Aetna, we are unable to determine when plaintiff's cause of action accrued. We must remand to the trial court for this finding.

We reverse the decision of the Court of Appeals and remand this cause to that court for further remand to the Superior Court, New Hanover County for further proceedings consistent with this opinion.

Reversed and remanded.