I. M. WELCH v. PHŒNIX INSURANCE COMPANY, LTD.

(Filed 31 December, 1926.)

Insurance, Fire—Contracts—Stipulations—Requirements as to Time of Bringing Action.

> Where the plaintiff has delayed bringing his action to recover loss by fire under a standard form of insurance, beyond the time therein specified, without evidence of a waiver of this provision of the policy, a judgment as of nonsuit thereon is properly granted.

APPEAL by plaintiff from *Oglesby, J.,* at June Term, 1926, of GRAHAM. Affirmed.

Action on policy of insurance. From judgment dismissing the action, as upon nonsuit, at the close of all the evidence, plaintiff appealed to the Supreme Court.

*R. L. Phillips for plaintiff.*
*Merrimon, Adams & Adams for defendant.*

PER CURIAM. The policy on which plaintiff seeks to recover is a Standard Fire Insurance Policy of the State of North Carolina, C. S., 6436-37. It is dated 6 November, 1924, and insures plaintiff and another, as their respective interests may appear, for the term of one year, against loss and damage by fire to property described therein. The policy contains the following clause:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, unless the insured shall have complied with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

Plaintiff's evidence tended to show that the property covered by the policy was destroyed by fire in November, 1924, after the issuance of the policy; this action was commenced on 16 March, 1926. The judgment dismissing the action is sustained upon the authority of *Tatham v. Insurance Co.,* 181 N. C., 434.

Plaintiff's contention that defendant had waived the provision in the policy limiting the time within which an action must be commenced, cannot be sustained. Neither denial of liability nor refusal to pay the loss is a waiver of this provision. 26 C. J., 481. Section 676. There is no evidence of any intent on the part of defendant not to rely upon this provision, or of any conduct on its part which caused plaintiff to delay bringing his action.

There are other grounds upon which the judgment may well be sustained. Failure of plaintiff, however, to commence the action within

twelve months next after the fire, without allegation and proof of waiver or estoppel, precluding this defense is sufficient. The decisions of this Court are all to this effect. *Beard v. Sovereign Lodge,* 184 N. C., 154, and cases cited in the opinion by *Adams, J.* The judgment is
Affirmed.