**HOLDERNESS et al. v. HAMILTON FIRE INS. CO. OF NEW YORK.**
Civil Action No. 637–J.

District Court, S. D. Florida,
Jacksonville Division.

Feb. 7, 1944.

146

Walter F. Rogers and George C. Bedell, both of Jacksonville, Fla., for plaintiffs.

Jennings & Watts, of Jacksonville, Fla., for defendant.

STRUM, District Judge.

Plaintiffs, citizens of North Carolina, sue upon a policy of fire insurance issued by a New York corporation, covering a building situate in Tarboro, North Carolina, which was subsequently damaged by fire. The contract was neither executed nor delivered in Florida, nor was it to be performed there. The action, being transitory, was commenced in a Florida state court, from which it was removed here.

As the suit was instituted more than twelve months after the fire, the defendant insurance company asserts that it is barred by a provision in the policy to the effect that no action thereon shall be sustainable in any court unless commenced within twelve months next after the fire. To this, plaintiffs reply that in Florida this provision is contrary to public policy and therefore unenforceable.

With certain exceptions not pertinent here, the general rule is that limitation of action is determined by the law of the forum where the action is brought. Kaplan v. Manhattan Life Ins. Co., 71 App. D.C. 250, 109 F.2d 463; Alropra Corp. v. Rossee, 5 Cir., 86 F.2d 118.

In Florida, an agreement purporting to shorten the statute of limitations is contrary to public policy, and void. Sec. 95.03, Fla.Stat.1941, F.S.A. But the law of Florida also provides that where the cause of action has arisen in another state, and by the "laws" thereof an action thereon cannot be maintained in such other state by reason of the lapse of time, no action thereon shall be maintained in Florida. Sec. 95.10, Fla.Stat.1941, F.S.A. By the "laws" of another state is meant not only the statutory law, but also the "laws" established by judicial decision. 11 Am.Jur. 514. The effect of Sec. 95.10 is that if the action is barred in the state where the cause of action arose, it is also barred here. Brown v. Case, 80 Fla. 703, 86 So. 684; Hunter v. Niagara Ins. Co., 73 Ohio St. 110, 76 N.E. 563, 3 L.R.A.,N.S., 1187, 112 Am.St.Rep. 699.

In the absence of a statute denouncing them, agreements shortening the statutes of limitations are valid. National Surety Co. v. Williams, 74 Fla. 446, 77 So. 212; Riddlesbarger v. Hartford Ins. Co., 7 Wall. 386, 19 L.Ed. 257. See also annotations 121 A.L.R. page 758. In North Carolina there is no statute such as Sec. 95.03 supra, denouncing such agreements. The limitation clause in the policy is therefore valid and enforceable in North Carolina. In the absence of countervailing circumstances, it would bar an action in that state, and hence here, after the twelve month period. Holly v. London Assur. Corp., 170 N.C. 4, 86 S.E. 694; Tatham & Co. v. Liverpool, L. & G. Ins. Co., 181 N.C. 434, 107 S.E. 450; Welch v. Phœnix Assur. Co., 192 N.C. 809, 136 S.E. 117; Rouse v. Old Colony Ins. Co., 203 N.C. 345, 166 S.E. 177. See also Hunter v. Niagara Fire Ins. Co., 73 Ohio St. 110, 76 N.E. 563, 3 L.R.A.,N.S., 1187, 112 Am.St.Rep. 699, 4 Ann.Cas. 146.

■ That Sec. 95.03 declares such limiting agreements contrary to Florida public policy does not justify a Florida court in disregarding the limitation when asserted *defensively* in an action on a contract executed and to be performed in a state where the limitation is valid. When a contract right is obnoxious to the public policy of a state, its courts are free to withhold their aid in the *affirmative* enforcement of performance in that state. In so doing, the local forum does not deprive the party of such right. It simply remits him to a forum where the right is consistent with public policy. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L. Ed. 1481, 134 A.L.R. 1462.

■ But to refuse to give effect to a substantive *defense,* arising under a contract valid where made and to be performed, would violate the principles of due process, even though the local courts might lawfully refuse to affirmatively enforce the contract. A state can not extend the effect of its laws beyond its own borders so as to destroy or impair contract rights not operative within its own jurisdiction, and valid where made. When defensively asserted, foreign contract rights must be recognized by the local forum, even though contrary to local public policy, if such rights are valid, and performance is to be had, where the contract was executed. To decline to recognize such rights for *defensive* purposes in the local forum effectively deprives the party of a right valid where made and to be performed. If he can not assert it as a defense, the right is wholly lost to him. Thus the contract obligation, valid where made and to be performed, is impaired, contrary to Art. 1, Sec. 10, of the Federal Constitution. Due process and full faith and credit in its enforcement are denied, contrary to Sec. 1 of the 14th Amdt., and Art. 4, Sec. 1, of the Constitution. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; Hartford Acc. & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, and annotations 92 A.L.R. 932; Bradford Elec. Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696; John Hancock Mut. Life Ins. Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106.

The motion to strike the defense of limitation is therefore denied, because on its face it presents a good defense to the cause of action.

■ However, by amendment to the complaint interposed subsequently to the filing of the above mentioned defense, plaintiffs allege that "at no time since the happening of the fire mentioned, that is to say, May 31, 1941, was the defendant licensed to do business in the State of North Carolina, nor had it any office, place of business, or established agency in the State of North Carolina, or any known representative upon whom service of process might be made, resident in said state." If this be true, the contractual limitation of time within which the action could be brought will be tolled during the defendant's voluntary absence. If a North Carolina *statutory* limitation was under consideration, the matter would be expressly covered by Sec. 411 of the North Carolina Code of 1939, Michie Ed., which provides that if, when a cause of action accrues against a person, he is out of the state, the action may be commenced within the time limited by the North Carolina statutes, after the return of the person into that state. The limitation here invoked by the defendant arises, not from statute, but from a contractual provision held valid by North Carolina judicial decisions. In harmony with the North Carolina statute last mentioned, and with the general rule, the insured will not be confined to the time prescribed in the contract for beginning suit, when the other party thereto, who claims the benefit of the limitation, could not be sued during that time in the state where the contract was to be performed and where the cause of action accrued, because of its voluntary absence from that jurisdiction. The twelve month period will be tolled during the defendant's absence. If, therefore, defendant was absent from the North Carolina jurisdiction as alleged in the amendment to the complaint, the suit could have been brought there when it was instituted here. Consequently it may be maintained in this forum, as it is well within the statutory limitation here. The motion to strike this amendment is denied.

■ In addition to principal and interest, the complaint seeks a recovery of attorney's fees "provided by law." If this allegation refers to the lex loci contractus, such a fee is recoverable. Life & Casualty Co. v. McCray, 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987. However, Sec. 625.08, Stat. of Fla. 1941, F.S.A., authorizing recovery of attorney's fees in actions on insurance policies, will not avail plaintiffs as a basis for

such recovery in this case, as the policy sued on is not a Florida contract. That statute becomes a part of every contract of insurance entered into in Florida, and is enforceable as to such contracts. But the Florida Legislature has no power to impose such liability, extraterritorially, upon parties to contracts entered into in another state and to be performed there. The validity and obligation of a contract is determined by the lex loci contractus. Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Ayers v. Continental Ins. Co., Mo.App., 217 S.W. 550. Cf. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; Hartford Acc. & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 932.

Orders in accordance with opinion.