244 So.2d 181 (1971)
Lillie Ann QUARTY, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 70-340.
District Court of Appeal of Florida, Second District.
February 17, 1971.
*182 John C. Lenderman, St. Petersburg, for appellant.
John N. Samaha, of Fowler, White, Gillen, Humkey & Kinney, St. Petersburg, for appellee.
PIERCE, Chief Judge.
Appellant Lillie Ann Quarty, plaintiff below, appeals here to review a summary final judgment entered in favor of Insurance Company of North America, defendant below.
On March 18, 1965, North America issued a Homeowners Insurance Policy in New York insuring the contents of Quarty's dwelling in New York. While this policy was in full force and effect Quarty's home was burglarized and approximately $18,000.00 of her personal possessions were stolen from her home in New York. The burglary was immediately reported to the New York police and appellee North America. Several months later Quarty moved to St. Petersburg, Florida, and became a resident of that city after notifying North America of this fact. Over a year and a half after the burglary North America notified Quarty that it was denying coverage in that more than one year had passed since the date of the loss, relying on Section 1, paragraph 7 of the insurance contract, which provides:
"Suit: No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss".
Quarty filed suit in Florida and the lower Court granted summary final judgment in favor of North America, finding that the cause herein squares factually with Holderness v. Hamilton Fire Insurance Company of New York, D.C.Fla. 1944, 54 F. Supp. 145, which held that a plaintiff should not prevail in a suit upon an insurance contract containing a similar twelve month provision regarding suit, entered into in North Carolina on property in North Carolina, and where the damage occurred in North Carolina.
Quarty contends that F.S. § 95.03, F.S.A., making void any provisions of a contract fixing the time in which suits may be instituted under the contract at a period of time less than that provided by the statute of limitations of this State, is applicable to the subject contract. She bases this contention on the fact that she moved and became a resident of Florida within the one year contractual provision, thus making void the one year contractual provision, and the further fact that North America is licensed to do business in this State. She argues that this is sufficient contact with the parties to give a Court of this State jurisdiction of a suit on the contract.
*183 In an opinion rendered by our Supreme Court in Sun Insurance Office, Limited v. Clay, Fla. 1961, 133 So.2d 735, on a question certified to it by the United States Court of Appeals for the Fifth Circuit at the direction of the United States Supreme Court, it was held that F.S. § 95.03, F.S.A., applies to any contract whatever  foreign or domestic  when Florida's contact therewith, existing at the time of its execution or occurring thereafter, is sufficient to give a Court of this State jurisdiction of a suit thereon. The Court observed:
"Obviously, as pointed out by the appellant, the Legislature of this state could not conceivably have any interest in a contract executed in another state by residents of other states, involving property in another state; and we agree with appellant that `Imputing any such intention to the Florida Legislature would be an absurdity.'"
Clay, supra, involved a policy of insurance which was purchased in Illinois by a resident of that State. Clay moved to Florida, the loss occurred in Florida two years later, and the insurance company was licensed to do business in Florida. When the case returned to the United States Supreme Court in 1964, Clay v. Sun Insurance Office, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229, that Court approved the construction given the statute by our Supreme Court, finding that Florida had ample contacts with the transaction and the parties to satisfy any conceivable requirement of full faith and credit or of due process.
The Clay case was followed by Schluter v. National Union Fire Ins. Co. of Pittsburgh, Fla.App. 1962, 144 So.2d 95, where a nonresident brought suit against an insurance company licensed to do business in Florida to recover on a foreign contract. This Court held that the loss of the insured vessel in the off-shore Altantic coastwise waters of Florida vested in the Florida court jurisdiction to entertain suit on the policy of insurance, and applied the Florida Statute of Limitations.
In the case sub judice the insurance contract was made in New York by New York residents, the premiums were paid in New York, the property was in New York, and the loss occurred in New York. The mere fact that Quarty moved and became a resident of Florida within twelve months after the loss occurred did not give Florida ample contact with the transaction and the parties to satisfy any conceivable requirement of full faith and credit or of due process.
The judgment appealed is therefore
Affirmed.
MANN and McNULTY, JJ., concur.