**BURGER KING CORPORATION, a Florida corporation, Plaintiff,**

v.

**CONTINENTAL INSURANCE CO., a foreign corporation, authorized to do business in the State of Florida, Defendant.**

**Civ. A. No. 71-1182.**

United States District Court, W. D. Pennsylvania. April 3, 1973.

William L. Standish, IV, Henry J. Wallace, Jr., Reed, Smith, Shaw & Mc-Clay, Pittsburgh, Pa., Wakefield, Hewitt & Webster, Miami, Fla., for plaintiff.

Samuel P. Gerace, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., George J. Baya, Miami, Fla., for defendant.

## OPINION

TEITELBAUM, District Judge.

On June 9, 1969 defendant, Continental Insurance Co., a New York corporation, issued a policy of insurance upon a

"Burger King" fast food restaurant (store 481) in Westmoreland County, Pennsylvania. Plaintiff, Burger King Corporation, seeks to recover under this policy for property loss and loss of business income resulting from damage to store 481 which occurred in September of 1969, allegedly as the result of earth movement. At the time of the occurrence New Kendall Properties, Inc., a wholly-owned subsidiary of plaintiff, held title to the premises. New Kendall had leased the property to Burger King of Pa., Inc., which in turn had subleased to Gregory Kary, an individual, and KBC, Inc. Plaintiff and the others having interests in the premises were named as insureds on defendant's policy.

On March 30, 1971, approximately eighteen months after the damage occurred to the store 481 premises, plaintiff, a Florida corporation, brought this action in the Florida state courts. The action was then removed to the United States District Court for the Southern District of Florida, Miami Division, and by Order dated December 16, 1971, transferred on defendant's motion to this Court, pursuant to 28 U.S.C. § 1404(a).

On November 1, 1972 defendant filed with this Court a motion for summary judgment on three grounds: (1) that this action was not filed within the one-year time limit provided in the insurance policy; (2) that plaintiff has no insurable interest in the premises; and (3) that plaintiff has failed to join indispensable parties. Defendant also seeks partial summary judgment on the ground that business interruption coverage for loss cause by earth movement is not provided in the policy. Each of these issues will be dealt with separately.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered:

" . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."

From the pleadings filed in this action it is clear that plaintiff failed to commence this action until March 30, 1971. The loss is alleged to have occurred during September of 1969. Defendant contends that the following provision in its policy bars plaintiff's suit:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss."

Plaintiff however argues that since the instant action was originally brought in the Florida state courts by a Florida corporation, the issues should be decided as if the forum were the Federal District Court for the Southern District of Florida. Further, plaintiff argues that the Florida District Court would apply § 95.03 of Fla.Stat.Ann. (1969) which reads as follows:

"All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section."

The effect of the foregoing provision would be to override the limitation provision of the policy, and to make the Florida five-year statute of limitations (Fla.Stat.Ann. § 95.11(3)) applicable to the present case.

■ The fundamental doctrine which governs here is the rule of Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In *Van Dusen*, the United States Supreme Court held that where venue of a federal court action is

transferred pursuant to 28 U.S.C. § 1404(a), the transferee court sits as the transferor court and applies the law of the transferor forum. In this instance, venue having been transferred to this Court pursuant to 28 U.S.C. § 1404(a), the rule of law which would govern in the Florida District Court will be applied here.

Fla.Stat.Ann. § 95.03 has been the subject of no small amount of litigation concerning its applicability and constitutionality. In Clay v. Sun Insurance Office, Ltd., 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960), an Illinois resident applied in Illinois for a policy of insurance to cover personal property from a British company licensed to do business in Illinois and Florida. Thereafter, plaintiff moved to Florida where a loss occurred. Suit was commenced in Florida more than twelve months after discovery of the loss. Defendant insurance company asserted as its defense a provision in the policy similar to the one involved herein, requiring that suit be filed within one year of the loss. Plaintiff Clay argued for the applicability of § 95.03.

In the 1960 *Clay* case the Supreme Court reversed the Court of Appeals for the Fifth Circuit which had ruled that Florida could not apply § 95.03 consistently with the requirements of due process. The Supreme Court held that decision on the constitutional issue should have been reached only if decision had been compelled after the two non-constitutional issues involved had been decided. One of the non-constitutional issues which should have been first considered was whether § 95.03 was applicable under the law of Florida. The case was remanded to the Fifth Circuit to take advantage of Fla.Stat.Ann. § 25.-031 (1957), which permitted a federal Court of Appeals to certify a question of Florida law to the Florida Supreme Court for clarification.

In Sun Insurance Office, Ltd. v. Clay, 133 So.2d 735 (Fla.1961), the question

having been certified by the Fifth Circuit, the Florida Supreme Court held that:

"[T]he Legislature intended the Act [§ 95.03] to apply to 'any contract whatever'—foreign or domestic—when Florida's contact therewith, existing at the time of its execution or occurring thereafter, is sufficient to give a court of this state jurisdiction thereon." *Id.* at 738.

In Clay v. Sun Insurance Office, Ltd., 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964), the United States Supreme Court upheld the application of § 95.03 as consistent with the due process and full faith and credit clauses.

It appears then that the test to be applied in determining the applicability of § 95.03 is whether there has been sufficient contact with the state of Florida to give that state jurisdiction of a suit on the transaction. In this regard, defendant argues that the most recent Florida decision on the applicability of § 95.03, Quarty v. Insurance Company of North America, 244 So.2d 181 (Fla.App., 1971), is controlling. In *Quarty* it was held that where an insurance policy was issued in New York to a New York resident by a New York insurer, and where the loss by burglary occurred in New York, the fact that the insured became a resident of Florida within twelve months of the loss did not give Florida sufficient contact with the transaction or the parties to justify application of § 95.03.[1]

The facts in *Quarty* stand in stark contrast to those in the present case. In *Quarty*, Florida had no contact whatsoever with the transaction or the parties until after the loss had occurred. The *Quarty* court applied the "sufficient contact" test set out in the *Clay* case and found contact to be insufficient for the application of § 95.03. Here, sufficient contact with the state of Florida existed for the application of § 95.03. Plaintiff is a Florida corporation having

1. See also *Holderness v. Hamilton Fire Insurance Co. of New York*, 54 F.Supp. 145 (D.C.Fla. 1944).

its principal place of business in that state. In addition, defendant has, or at least had at the time of the transaction, a licensed agent in Florida. Moreover, it is significant to note that the state courts of Florida originally exercised jurisdiction over this case since the *Clay* test is framed in terms of sufficient contact to give a Florida court jurisdiction of a suit. Therefore, Fla.Stat.Ann. § 95.03 applies to the facts of the present case and plaintiff's suit is not barred by the one-year time limitation of the policy.

Defendant's second contention is that summary judgment should be granted because the plaintiff has no insurable interest in the premises. To be entitled to summary judgment under Rule 56(c) of the F.R.C.P., defendant must show that no genuine issue of fact exists. Here, an issue of fact does exist with reference to whether defendant is estopped to deny that plaintiff has no insurable interest in the premises.

■ The certificate of insurance on the store 481 premises names as insureds plaintiff, KBC, Inc., Burger King of Pa., Inc., and South Kendall Properties, Inc.[2] Over a period of years, it is alleged, defendant had insured various "Burger King" restaurants. It appears that it is customary in the fast food industry to lease such restaurants to franchisees with titles being held by subsidiaries of the franchiser. Where an insurer has actual knowledge of an insured's interest in property and of an insured's customary manner of doing business, the insurer may be estopped to deny an insurable interest after a loss occurs. See 3 Couch on Insurance 2d, § 24.10 and the cases cited therein. Because a genuine issue of fact exists as to defendant's estoppel to deny an insurable interest in the premises, summary judgment cannot be granted as to this issue.

■ Defendant also contends that it is entitled to summary judgment in that plaintiff has failed to join the real parties in interest, namely the holder of title to store 481 and the lessee and sublessee of the premises. In substance, this contention rests upon the same considerations as does defendant's second basis for seeking summary judgment— that plaintiff has no insurable interest in the premises. This argument rests ultimately, as does defendant's second contention, upon the determination of issues of fact. Therefore under Rule 56(c) summary judgment is precluded. Moreover, the question of whether joinder of additional parties is necessary to avoid prejudice to the interests of either plaintiff or defendant[3] turns upon factual determinations not yet apparent on the record. Summary judgment will be denied as to defendant's third contention.

Finally, defendant contends that it is entitled to partial summary judgment on the ground that the policy of insurance does not provide business interruption coverage when the loss of income was caused by earth movement or landslide. The basis of defendant's argument is that business interruption coverage was available only for certain named perils, and that earth movement was not among those perils itemized in the policy.

■ Defendant's motion for partial summary judgment on this basis is denied. Assuming that the loss was the result of earth movement, the extent of coverage provided by the insurance policy is not necessarily ascertainable from the face of the contract. In order to construe the terms of the policy to determine the extent of the coverage resort must be had to extrinsic evidence.

■ Therefore, mindful that to prevail on a motion for summary judgment, (1) the moving party must clearly demonstrate the absence of a genuine issue

---

2. This is apparently a mistake since New Kendall Properties, Inc. was the lessor of the premises.

3. Determinable under Rule 19(a) of the F.R.C.P.

of material fact; (2) that all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, First Pa. Banking and Trust Co. v. U. S. Life Insurance Co., 421 F.2d 959 (3rd Cir. 1969); and (3) that neither factual inferences nor credibility issues are to be resolved in favor of the moving party, First Pa. Banking and Trust Co. v. U. S. Life Insurance Co., *supra*, and generally, 6 Moore's Federal Practice ¶ 56.15, I find that the defendant is not entitled to summary judgment under the standard set by Rule 56 of the F.R.C.P.