**Stuart R. STIMMEL and Esther Stimmel, Plaintiffs,**

v.

**SHEARSON, HAMMILL & CO., INCORPORATED, a Delaware Corporation, Defendant.**

**Civ. No. 73–984.**

United States District Court, D. Oregon.

March 8, 1976.

Douglas P. Devers, Joss & Bosch, Portland, Or., for plaintiffs.

Donald W. McEwen, Hardy, Buttler, McEwen, Weiss & Newman, Portland, Or., for defendant.

Lee Johnson, Atty. Gen., State of Oregon, Beverly B. Hall, Asst. Atty. Gen., Portland, Or., amicus curiae.

## OPINION

SKOPIL, District Judge: ·

## INTRODUCTION

This is an action to recover damages for violation of the Oregon Securities Law. Plaintiffs, Stuart R. Stimmel and Esther Stimmel, are citizens of Oregon. Defendant, Shearson, Hammil & Co., Incorporated, is a Delaware corporation with its principal place of business in New York. Defendant is registered as a broker-dealer of securities in several states, including Oregon and California. The value of the stock sold to the plaintiffs exceeds $10,000.

## JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1332.

## FACTS

Plaintiffs are husband and wife. They reside and work in Oregon. During one of their many visits to San Francisco, plaintiff Stuart R. Stimmel entered defendant's office. The defendant's office is located close to the hotel in which plaintiffs generally stay. After entering, plaintiff had a discussion with one of defendant's agents, Roger Doolittle. Their discussion centered around options. Based upon this discussion, plaintiffs established a joint customers margin agreement to enable them to deal in options. As explained by Mr. Doolittle, options are techniques of investing.

"A. Options, as I am referring to them, have to do with a technique of investing in an ancillary area of investments of stocks, wherein, to give a good example, you own a house and I come to you and I say, 'I might want to buy that house,' and you say to me, 'Okay,' and, 'I'll give you $2,000 if you will allow me to buy that house for $40,000 any time between now and six months from now.'

"You agree to that, and I either exercise that option or I don't exercise that option. That's called a call option, except it would relate to a stock instead of a house. The same thing would have to do with the sell side of a house, except it would be called a put. You can put a put and a call together and call it a straddle. You can put two calls and one put together and it is a strip. Two puts and one call is a strap. There's various combinations and different ways of putting these things together." (Doolittle Depo., p. 7, lines 9–24)

Between September 9, 1971, and August 9, 1972, plaintiffs bought and sold securities and options through defendant's represent-

atives. These transactions were made through telephone calls and correspondence between the plaintiffs in Oregon and defendant in California. On some occasions Mr. Doolittle would call Mr. Stimmel. On other occasions Mr. Stimmel would call Mr. Doolittle. Purchases were never made without Mr. Stimmel's authorization. Mr. Doolittle was not given purchase discretion (Doolittle Depo., p. 33, lines 4–8; Stuart Stimmel Depo., p. 50, lines 6–8).

Mr. Doolittle was the broker of record for the plaintiffs. With one exception, Doolittle acted as defendant's representative in all security transactions. On one occasion Mike Tucker acted as defendant's representative. Neither Roger Doolittle nor Mike Tucker were registered as salesmen in the state of Oregon. Doolittle believed the plaintiffs were California domiciliaries. It was his belief that he needn't be registered in Oregon to deal with them. Either at the time the account was opened or shortly thereafter Doolittle knew that plaintiffs lived and worked in Oregon. His conclusion as to plaintiffs' domicile was based on his limited knowledge of the law. The record reveals:

"Q. It was a requirement to ascertain the residence or the domicile of each customer?

"A. That's correct. When I opened that account, I satisfied myself and completely and thoroughly that I could consider his domicile San Francisco, California, since in fact that was the address to which I was opening the account.

. . . . .

"Q. You mentioned that you were confident that the Stimmels had a domicile or were domiciled, I think you said, here in San Francisco. Did you mean anything in particular by that word? I think it might be a legal word of art, and I don't know whether you are aware of the meaning of it or not.

"A. Perhaps I don't. I told Don this morning that I had had some law training back at West Point, and perhaps it was a situation where a little training is dangerous.

"I read that the definition of domicile can be many different things, and many of the things that came out, if a person pays taxes in a state, if a person has residence in a state, if a person has a driver's license from that state, or if a person visits that state, you know, once every five years, as a matter of fact it may be his domicile, if he is living overseas or so forth." (Doolittle Depo. p. 23, lines 8–14, p. 26, lines 10–24)

Plaintiffs claim that defendant's salesmen must be registered in Oregon under the mandate of ORS 59.165(1). Not being so registered, plaintiffs claim they are entitled to invoke the remedy of rescission as provided by ORS 59.115(2).

■ Defendant claims it is not liable for the acts of its agents under the Oregon securities laws, and in any event the Oregon laws are not applicable to the transactions in issue.[1]

## DISCUSSION AND CONCLUSIONS

The Oregon Securities Law expressly applies to options.

" 'Sale' or 'sell' includes every disposition or attempt to dispose of, contract to sell, attempt or offer to sell, exchange of, option for the sale of, solicitation of an offer to purchase, or subscription for, a security or an interest in a security for a consideration, directly or by an agent, circular, letter, advertisement or otherwise, regardless of whether or not any person so acting has power to pass title to or control the disposition of the security or acts as a finder. . . ." ORS 59.-015(11)

If the Oregon Securities Law applies to this specific transaction, the defendant

---

1. Defendant also argues estoppel, ratification and *in pari delicto*. These defenses are clearly not available to defendant under the facts of this case and are therefore dismissed as wholly lacking in merit.

would be liable for the acts of Doolittle and Tucker. The relevant sections read as follows:

## ORS 59.165

"(1) It is unlawful for any person to transact business in this state as a broker-dealer or salesman unless the person is registered under the Oregon Securities Law.

"(2) It is unlawful for a broker-dealer, investment adviser, issuer or owner of securities to employ a salesman to act in this state unless the salesman is registered under the Oregon Securities Law.
. . ."

## ORS 59.115

"(1) Any person who:

"(a) Offers or sells a security in violation of the Oregon Securities Law or of any rule or order of the commissioner, or of any condition, limitation or restriction imposed upon a registration under the Oregon Securities Law . . ."

is liable as provided in subsection (2) of this section to the person buying the security from him.

"(2) The purchaser may recover, in addition to costs and reasonable attorney fees at trial and on appeal:

"(a) Upon tender of the security, the consideration paid for the security, and interest from the date of payment at the rate of six percent per annum, or at the rate provided in the security if the security is an interest-bearing obligation, less any amount received on the security; or

"(b) If he no longer owns the security, damages in the amount that would be recoverable upon a tender, less the value of the security when the purchaser disposed of it and less interest on such value at the rate of six per cent per annum from the date of disposition.

"(3) Every person who directly or indirectly controls a seller liable under subsection (1) of this section, every partner, officer, or director of such seller, every person occupying a similar status or performing similar functions, and every person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller sustains the burden of proof that he did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts on which the liability is based. Any person held liable under this section shall be entitled to contribution from those jointly and severally liable with him."

The question in this action is whether the Oregon Securities Law applies to the particular facts of this case. Was there a salesman transacting business in Oregon under 59.165(1) or a salesman acting in Oregon under 59.165(2)? ORS 59.335 and ORS 59.345 were enacted to deal with this problem. These provisions, along with many others, were taken from the Uniform Securities Act and made part of the Oregon Securities Law. They analyze the problem in terms of offers to sell and buy.

## ORS 59.335

"(1) ORS 59.055, 59.115 to 59.125, 59.135 and 59.145 and subsection (1) of ORS 59.165 apply to persons who sell or offer to sell when:

"(a) An offer to sell is made in this state; or

"(b) An offer to buy is made and accepted in this state.

"(2) ORS 59.135, 59.145 and subsection (1) of ORS 59.165 apply to persons who buy or offer to buy when:

"(a) An offer to buy is made in this state; or

"(b) An offer to sell is made and accepted in this state.

"(3) ORS 59.135, 59.145 and subsection (3) of 59.165, in so far as investment advisers are concerned, apply when an act instrumental in effecting prohibited conduct is done in this state, whether or not either party is then present in this state."

## ORS 59.345

"(1) For the purpose of ORS 59.335, an offer to sell or to buy is made in this state, whether or not either party is then present in this state, when the offer:

"(a) Originates from this state; or

"(b) Is directed by the offeror to this state and received at the place to which it is directed (or at any post office in this state in the case of a mailed offer).

"(2)(a) For the purpose of ORS 59.335, an offer to buy or to sell is accepted in this state when acceptance:

"(A) Is communicated to the offeror in this state; and

"(B) Has not previously been communicated to the offeror, orally or in writing, outside this state.

"(b) Acceptance is communicated to the offeror in this state, whether or not either party is then present in this state, when the offeree directs it to the offeror in this state reasonably believing the offeror to be in this state and it is received at the place to which it is directed (or at any post office in this state in the case of a mailed acceptance)."

Under the express terms of these provisions, not only the purchases initiated by defendant but also those purchases initiated by defendant but also those purchastiated by plaintiffs were subject to the Oregon Securities Law. Purchases initiated by plaintiffs would be treated as an offer to buy, made in Oregon. Although these statutory provisions conflict with traditional notions of contract law, the purchases of stock and options in issue are clearly within the intended reach of the Oregon Securities Law. *Kreis v. Nates Investment*, 473 F.2d 1308 (8th Cir. 1973). I might note, however, that to the extent these provisions attempt to abrogate contract rights formed outside the state of Oregon, a substantial due process question is presented. *Home Insurance Co. v. Dick*, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1929); *Holderness v. Hamilton Fire Insurance Company*, 54 F.Supp. 145 (D.Fla.1944). Since this issue was not raised by the parties, however, it shall not be considered in this case.

I find that the transactions in issue were subject to the Oregon Securities Law. ORS 59.115 unequivocally determines the result on the substantive claim. Plaintiffs have a right to rescind and also a right to reasonable attorney's fees pursuant to the method described in ORS 59.115(2).

I am offended by the required result. The defendant's offense is nothing more than a simple technicality from which plaintiffs are allowed to reap an enormous benefit. However, it is not the province of this court to make the law. The Oregon legislature has spoken clearly on this subject. The rules of diversity jurisdiction dictate that I enforce those laws. In 1973 the Oregon legislature added new provisions to the Oregon Securities Law which reduced some of the harsh results obtainable under the old law. Were these provisions available to defendant, the result might have been different today. But these new provisions became law after the relevant time period. I must decide this case under the pre-1973 law.

Plaintiffs are entitled to recover. Plaintiffs are also entitled to reasonable attorney's fees. Attorneys for plaintiffs shall submit to the court a breakdown of the work performed on this case. Attorneys for both sides shall submit to the court their calculation of damages.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).