**Edward L. CLEMONS and Hazcoal, Inc., Petitioners,**

v.

**DEAN WITTER REYNOLDS, INC. and Herbert Jablin, Respondents.**

No. 88 Civ. 5517 (JES).

United States District Court, S.D. New York.

March 13, 1989.

Gersten, Savage, Kaplowitz, Zukerman & Liebman, New York City, for petitioners; David W. O'Conner, Steven R. Popofsky, of counsel.

Morgan, Lewis & Bockius, New York City, for respondents; Anne C. Flannery, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, petitioners Edward L. Clemons and Hazcoal, Inc. have moved for

modification of an arbitration award or in the alternative for vacation of the arbitrators' award of damages. Respondents Dean Witter Reynolds, Inc. and Herbert Jablin have cross-moved to confirm the award. For the reasons that follow, this action is remanded to the arbitrators for a clarification of their damage award.

The arbitrators found both respondents liable for the failure of Herbert Jablin to register as a broker under the Kentucky Blue Sky Law.[1] Petitioners argued before the arbitrators that this violation entitled them to rescind all losing transactions made by Jablin pursuant to Ky.Rev.Stat. Ann. 292.480(1),[2] and submitted evidence supporting damages in excess of $900,000. Respondents offered no alternative damage figure. *See* Affidavit of David W. O'Conner, Ex. I at 590–92. The arbitrators awarded $25,000 each to Clemons and Hazcoal, finding Jablin and Dean Witter jointly and severally liable. *See id.*, Ex. B.

While it is clear that the Court may not properly refuse to enforce an arbitration award based upon an error of law, *see Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892 (2d Cir.1985), an arbitrator's award need not be confirmed where the arbitrator acted in "manifest disregard of the law," *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953). Although the Courts have not established a bright line test for determining when an error, even an egregious error, of law permits an inference that arbitrators have acted in manifest disregard of the law, it is clear that an award need not be confirmed if the arbitrator "understood and correctly stated the law but proceeded to ignore it." *See Siegel, supra,* 779 F.2d at 892–93 (quoting *Bell Aerospace Company Division of Textron, Inc. v. Local 516,* 356 F.Supp. 354, 356 (W.D.N.Y.1973), *rev'd on other grounds,* 500 F.2d 921 (2d Cir.1974)).

In this case petitioners' claim that the award must be vacated rests upon what they assert to be the clear language of the statute itself coupled with the fact that all state courts construing a similar Blue Sky provision have held that rescission damages are available. *See, e.g., Dixon v. Oppenheimer & Co.,* 739 F.2d 165, 168 (4th Cir.1984); *Stimmel v. Shearson, Hammill & Co.,* 411 F.Supp. 345, 349 (D.Or.1976); *Piantes v. Hayden–Stone, Inc.,* 514 P.2d 529, 530 (Utah 1973), *cert. denied,* 415 U.S. 995, 94 S.Ct. 1599, 39 L.Ed.2d 893 (1974). However, the Kentucky courts have not decided this issue. In view of that circumstance and giving due deference to the showing that must be made before a finding of "manifest disregard" can be made, the Court cannot conclude that those circumstances are sufficient to establish that the arbitrators deliberately ignored "well defined, explicit, and clearly applicable" law. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930, 934 (2d Cir.1986). Moreover, it is not clear from the award itself that the arbitrators understood Kentucky law to be as stated by petitioners and refused to apply it.

There is however a serious question as to whether the damages awarded are sustainable on the evidence presented before the arbitrators. Although arbitrators may properly render a lump sum award without disclosing their rationale and courts will not ordinarily inquire into the basis of the award, where the award has no factual support the Court may properly vacate the award. *See Koch Oil, S.A. v. Transocean Gulf Oil Co.,* 751 F.2d 551, 554 (2d Cir.1985); *Kurt Orban Co. v. Angeles Metal Systems,* 573 F.2d 739, 740 (2d Cir.1978). However, where a ground for the arbitrators' award can be inferred from the facts of the case, an award must be confirmed. *See Kurt Orban, supra,* 573 F.2d at 740.

1. None of the parties have challenged this liability finding by the arbitrators.

2. This statute provides in pertinent part: "Any person, who offers or sells a security in violation of this chapter ... is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six percent per annum from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security.

In this case, the parties have pointed to no facts in the record which would support the award of $50,000. Before the Court can determine whether the award should be confirmed, it must have a clearer understanding of how the arbitrators arrived at their damage figure. *See Siegel, supra,* 779 F.2d at 894; *Svoboda v. Negey Assoc.,* 655 F.Supp. 1329, 1333 (S.D.N.Y. 1987). However, it may be that the arbitrators had a factual basis for the award which they have not adequately expressed. Therefore, the Court in the exercise of its discretion remands the case to the arbitrators for an explanation of the manner in which damages were calculated so as to facilitate effective judicial review.

It is SO ORDERED.